*248 The opinion of the court was delivered by
DuNCAIí, J.
There are two questions: 1. lias one partner power to bind all, by an agreement to refer not by specialty? 2. Under the plea of non assumpsit, in an action on the award,, without notice of special matter, can the defendant give mistake of the arbitrators in evidence? It may be laid down, that partners are bound universally, by what is done by each other in the course of the partnership business. Their liability under contracts is commensurate with their rights, and the act of one is the act of all. The case of partnership contracts is difFerentdrom all other contracts, in which no one is liable except he is privy to it; but the liability of partners arises from this, — that they are, in contemplation of law, virtually present at, and sanctioning the proceedings of each other, and each is vested with a power enabling him to act as principal, and as the authorized agent of the co-partners. It certainly would be a great impediment to commercial dealings, if this were not the case, and particularly in the settlement of disputed accounts, by submitting them to mei chants to settle and adjust; but it holds universally, and is a general position, as to all simple contracts. Harrison v. Jackson, 7 Term Pap. 207. Ia fact, whatever be the nature of the contract, there is no doubt but that the acts of every single partner, in transactions relating to the partnership, bind the whole. In Hope v. Cust, cited in Sheriff v. Wilkes, I East, 53, Lord Mansfield, in summing up the case to the jury, said, there was no doubt but that it did, and puts the strongest of all cases: “ If one gives a letter of credit or guarantee in the name of the parties, it binds all;” and so far has this principle been extended, that the act or assurance of one partner, made with reference to business transacted by the firm, will bind all the partners, even although it be out of the regular course, and contrary to an express arrangement among themselves, because it is within the scope of his authority. Gow on Partnership, 56. But this will not hold with regard to deeds, for reasons not only technical, but on the general policy of law. Such a power would have a most mischievous tendency, for it would extend to mortgages, and would enable a partner to give to a favourite creditor a real lien on the estate of his partner. Goto, in his treatise, considering the subject of arbitration, confines the exception from the general authority of each partner to bind the whole by arbitration bond; at least the subject is treated of under that head. In all other doings than those transacted by sealed instruments, the whole firm is considered as one person, and the act of one as the act of all. It would seem to me to be without any good reason to deny the authority in this particular instance; it would certainly be a great impediment to commercial dealing. How many commercial disputes are settled — well settled — by this domestic tribunal; and, what is of infinite importance in commercial adventures, speedily settled. And how many partnerships are there whose *249 whole business is transacted by one managing partner, while the others scarcely ever put pen to paper in the course of the concerns. There are many in which the partners are frequently abroad, or engaged in out-door business; and others, in which some of the partners reside abroad. To deny to all these classes the authority to bind by fair arbitrament, would be an anomaly in the law-merchant. It is matter of surprise, that so little is to be found in the books, either of direct decision, or of general doctrine, as to submissions not under seal, {which, I take it, must be matters of constant occurrence,) and that the cases which have arisen have been all but one on bonds of submission. A matter of rare occurrence, the absence of all judicial decision, may be some evidence that the authority has never been questioned; and, in considering the spii’it of these cases, and that the reason why an arbitration bond by one did not bind all, is founded on the nature of the instrument, it is pretty strong evidence of the distinction between specialty and simple contract prevailing in this case. The last case is Steiglitz v. Egginton et al. Holt's Rep. 141. 8 Serg. & Lowb. 54. It was debt on así award, founded on an agreement to refer under hand and seal, executed by one defendant, “for self and partner” and was decided against the plaintiffs, because the authority to execute a deed must he by deed; .not because one partner could not bind another by his submission, but because he could not do it through the medium of a sealed instrument; and Gibes, Chief Justice, said, that “the authority to execute a deed must be by deed; one man cannot authorize another to execute a deed for him but by deed: no subsequent acknowledgments will do — the defendants have pleaded that it is not their deed.” But in partnership transactions the contrary is the law; the authority is implied, and subsequent acknowledgment would certainly confer it. So long as the distinction remains between sealed and unsealed instruments, it is the plea of non est factum that decides. This plenary power of a partner, in all eases but binding by deed, was early acknowledged in our courts; and the only exception is in the case of a deed. In Gerard v. Basse, 1 Dall. 119, Shippen, President, states the law with great clearness: — “ The act of one partner,” he observes, “is the act of both — there is a virtual authority to that purpose, mutually given by entering into partnership, and in every thing relating to their usual dealings, each must be considered as the attorney of the other.” But this does not hold in the case of a deed. There is one case, (29 Car. 11.) Strangford v. Green, 2 Mod. 227, an action of assumpsit for not performing an award; the submission, by which the defendant, in behalf of himself and partners, referred all differences between the plaintiff and the partners, not being under seal, and the award was, “ that all suits which are prosecuted by the plaintiff against the defendant shall cease, and that he shall pay the plaintiff so much,” &c. The award was held good, because he had promised to perform it, ancl *250 tbc action was brought on that promise as his own personal engagement: it is said, however, in the report, that the award did not bind the other partners. Besides the particular feature of this case, which is not well reported, it is to be observed, that it was at an era when commercial law was little understood in England; for even in the time of Lord Holt, when decisions on the law-merchant were become more familiar, his steady attachment to the common law with difficulty bent to the doctrine of a rising system; and it certainly was not before the time of Lord Mansfield that it became a system, and a most wise system, matured by his master hand, and accommodated to the transactions of the mercantile world. It was formerly considered in our own courts, by very eminent judges, that one partner could not enter an appearance for another to an action, Hills v. Ross, 3 Dall. 331, (dicta of Iredell and Chase, Justices;) but this is not the law of the present day, and it would be most inconvenient, if it were. In England, if a firm consist of three partners, two of whom reside abroad, and a suit is brought against them, upon the appearance of the partner resident in England, and -bis refusal to appear for the others resident abroad, the plaintiff, under a distringas, against the two, may take partnership effects paid for by the partner in England alone, to whom the partnership is largely indebted; and the court refused to relieve against such distress, and turn the plaintiff round to outlawry of the absent partners; the effects, then, would be seized, and the crown become a trustee for the creditors. Morley et al. v. Strombom et al. 3 Bos. & Pull. 254. Distringas and outlawry to compel an appearance, are unknown here in civil cases; and therefore to deny to one partner the power to appear for all, would be a most intolerable grievance, and if he has such authority, then the question is settled; for he may do that directly, which he could do indirectly; and if he could appear, he might substitute an attorney, who would have power to enter a rule of reference under the act of 1705. 1 Dall. 164. It is now held, that in an action against several partners, one may enter an appearance for the others, which may, in Its consequences, lead to a judgment against all. Harrison v. Jackson, 7 Term Rep. 207, dictum of Dampier, arg.; and Gow, in his late treatise on Partnership, £195,J so lays down the law, and it is certainly most reasonable, convenient, and consistent with the general authority of partners. No mischief can arise from this doctrine; for if it is done by fraud, if it embrace other than partnership liabilities, that fraud would vitiate it. Courts would open a judgment, on proof of such fraud; and, in an action on the award, it would be a good defence. It is hard enough for one partner to bind the others, without their knowledge or consent; but one partner cannot do so, and oblige him to pay other than partnership debts; and if fraud be proved, as an attempt, by means of an appearance, to make him pay the private debt of another partner, would be, then, as in all other ca'ses, *251 tbe act would be void. Sheriff v. Wilks et al. 1 East, 51. On mature reflection my opinion is, that one partner may fairly enter into an agreement to refer, by writing not under seal, any partnership matter, and this would bind the whole firm. I do not say, that one partner can bind the others, where there is an express dissent communicated to the party'litigant. This brings us la the second inquiry: Whether the defendant, on a plea of non assump-sit, can be permitted to give evidence, in an action founded on an award, of mistake in the the arbitrators? The evidence offered was too general in its nature, for the mistake was not pointed out. Now, to go to the utmost extent, it must be a clear and undisputed mistake, clearly pointed out. 3 Yeates, 584. An award cannot be impeached for erroneous judgment — it must be a mistake amounting to excess of authority, something very gross and palpable; and even that matter could not be gone into at law, for if it was given in evidence, the party would be wholly unprepared, as all that he has to do is to prove the submission and award. In Wills v. Maccarmik, 2 Wils. Rep. 148, the court said, “In a trial at law, the corruption and partiality of arbitrators cannot be got at; there is no precedent of any writ to set aside an award, and we must go by precedent, and there is no case where ever this matter hath been pleaded.” As it could not be pleaded nor given in evidence, the party’s remedy in England would be in chancery, and here he would be without relief, unless the Courts of Law would grant equitable relief, and then it raises a very important question of practice, whether, without a special plea, but under any general issue and without special notice, a defendant can in this state avail himself of a defence purely equitable; and I am am of opinion he cannot. Our administration of equity would be most iniquitous, if this were allowed; and they little understand our equity system, who would cast the reproach on it, that it is a matter without any rule; for, to ever)1- good purpose, the special matter contained in a notice is in lieu of a bill in equity, and must state the ground of relief. The plea of non assumpsit enables the party to show any thing which at law would defeat and destroy his cause of action, but. when the matter of defence is a pure equity, calling for the interposition, and requiring the aid of a court of chaneery, the defendant desirous of availing himself of it must give notice either by plea or notice — nothing but a common law defence can be received on the general issue. The mistake of the arbitrators was a matter only in equity, and under this plea could not be given in evidence; — the offer of the evidence was made too general, as it contained no allegation of special mistake. I am, therefore, of opinion, that there is no error in this record, and that the judgment must be affirmed.
Judgment affirmed.