STEPHEN D. BRIGHT V. HENRY SAMPSON AND ANOTHER.

Where several partners were defendants, none of whom were cited, but one filed an answer in behalf of all, signed with his own name, which he afterwards withdrew, and judgment was rendered against all, on error by one of the other partners this Court said it was questionable whether one partner could file an answer for others not served; but, waiving that question, held that the answer of the one partner in this case was not an answer for all the partners.

Error from Johnson. Tried below before the Hon. Nat. M. Burford.

There was an indorsement on the petition as follows:—

"I accept service in the within suit on my own behalf and the firm. December 9th, 1856.        JOHN WHITMIRE."

The entry of judgment read as follows:—

"Now, at this Term of the Court, come the plaintiffs by attorney, and the firm of Whitmire, Kirtly & Bright in propria persona, through one of the members, John Whitmire, who filed a

plea of *non debet*, which said answer being withdrawn by said defendant, judgment is hereby rendered *nil dicit* for the plaintiff," &c.

The other facts are stated in the Opinion.

*J. W. Berry*, for plaintiff in error, cited Collyer on Part., title JUDGMENT; 3 Kent, 44; Hart. Dig. Art. 674.

*W. H. Parsons*, for defendants in error, cited 2 Barn. & Ald. 679; 15 Mass. R. 44; Bennett v. Stickney, 17 Verm. R. 531; Harrison v. Jackson, 7 Term R. 207; Taylor v. Coryell, 12 Serg. & Rawle, 243; Hill v. Ross, 3 Dall. 331.

ROBERTS, J. This case must be decided upon the last assignment of error, to wit: "The partnership was dissolved, and this plaintiff in error had no notice or service of this suit."

The suit was instituted by Sampson & Co., against the firm of Whitmire, Kirtly & Bright, on the 8th of December, 1856. No process issued. On the 10th of the same month an answer was filed as follows:—

"Now, at this Term of the Court, comes one of the defendants, John Whitmire, in his own proper person, and for the other members of the firm of Whitmire, Kirtly & Bright, and says that they are not indebted to the firm of Henry Sampson & Co. in manner and form as in plaintiff's petition alleged, and prays they should not have or maintain their aforesaid action against them.

"(Signed)          JOHN WHITMIRE."

The record shows an entry as follows:—

"John Whitmire withdraws his answer this 10th day of December, 1856.     (Signed)     C. C. ALEXANDER, Clerk."

A judgment *nihil dicit* was rendered at the same Term against all the defendants. The cause comes into this Court upon error assigned by Bright.

To have rendered this judgment, the Court below must have assumed—first, that Whitmire had a right to appear and plead for Kirtly and Bright; and secondly, that the answer which was filed was the answer of Kirtly and Bright, as well as of Whitmire.

It is contended that the defendants being copartners, Whitmire could act for all of them; and that what he did superseded the necessity of service of process on the others. In support of this

proposition, defendants' counsel refers to Bennett et al. v. Stickney, 17 Verm. R. ; and Taylor et al. v. Coryell et al., 12 Serg. & Rawle, 243. In the first case it was held that one partner could employ an attorney whose appearance on behalf of all the firm would bind all of them, though not served with process. In the second case it was held that one partner could bind the firm by signing an agreement to submit a controversy to arbitration. Mr. Collyer, in his work on Partnership, (Sec. 678, page 65,) says that "it has been said that if an action be brought against several partners, one may enter an appearance for the rest, which may, in its consequence, lead to judgment against all;" and refers to a dictum "per Dampier arg., Harrison v. Jackson, 7 Term R. 207." Upon this, also, the case from 12 Serg. & Rawle is predicated (page 250;) and the doctrine established, that one partner can submit a matter to arbitration, is controverted by Justice Story. (Story on Partnership, Sec. 114, page 180.)

The case quoted from Vermont is based upon the rule sometimes held, that after judgment the authority of any attorney who appeared in the case cannot be contested. (See 17 Verm. R. 533, and case referred to, same volume, 302.) Our courts have adopted a contrary rule upon the subject, and held that the authority of the attorney could be inquired into after judgment. (Merritt v. Clow, 2 Tex. R. 582.)

It has been decided in some of the States, that one partner could not make an appearance for the firm after dissolution. (See note to Collyer on Part., pages 649–650, as to cases in Alabama and South Carolina.)

The question may be asked, how could the Court know that these defendants ever had been partners, or that the firm still existed ? If an attorney at law had been employed even by one of them, and had filed a plea for all the defendants below, the Court would have had some assurance that such was the case, or that he was properly authorized to make a full appearance. (Merritt v. Clow, 2 Tex. R. 582.) But Whitmire having appeared in person, and assumed to act for himself and others, there was nothing to establish his agency and authority to appear for the others but the allegations of plaintiff as to the partnership and his assumption of its existence. In the case of Fowler v. Morrill, (8 Tex. R. 153,) Forbes assumed to act for defendant Shelton, by acknowledging service of process for him, and judgment having been rendered against Shelton, this Court reversed the judgment upon the ground that there was nothing in the record to

show the authority of Forbes to act as agent of Shelton, except his own act in assuming so to do. In this case there is nothing in the record to show the authority of Whitmire to act for the others, except his and plaintiff's assertion of the fact that they were partners.

The Court is relieved, however, from settling this question definitely, because Whitmire has not filed an answer for the other co-defendants. He signs only his own name to it, and undertakes to defend the case for himself and his copartners, alleging that they do not owe the debt; and the record shows that he withdrew *his* answer, not *their* answer. To bind the firm by the acts of one partner, they must not only be within the scope of the partnership business, but they must ordinarily be done in the name of the firm, otherwise they will only bind the acting partner. (Story on Partnership, Sec. 102, page 161.) Therefore the defendants Kirtly and Bright were not in Court, and the judgment is erroneous.

Various other questions are presented, which it is not necessary to refer to. Judgment is reversed and cause remanded.

Reversed and remanded.