William R. INGRAM, Individually and d/b/a Hutcheson-Ingram Development Company, Appellant,

v.

CARD COMPANY, Appellee.

No. 1093.

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 30, 1976.

Wiech, Lewis & Fleming, Brownsville, for appellant.

William E. York, McAllen, for appellee.

OPINION

BISSETT, Justice.

This is an appeal from the granting of a default judgment on a sworn account. Card Company, hereinafter referred to as "the Company", sued "William R. Ingram and S. L. Hutcheson d/b/a Hutcheson and Ingram Development Company" to recover $1,518.81 for repairs made on a tractor owned by Hutcheson and Ingram Development Company and for attorney's fees. The only answer that was filed was a sworn answer by "William R. Ingram d/b/a Hutcheson-Ingram Development Company", who also filed a third-party action against Joyce Equipment Company.

An interlocutory default judgment was rendered, apparently on September 8, 1975, against "Hutcheson and Ingram Development Company, a partnership", whereby the Company recovered the full amount sued for and attorney's fees in the amount of $500.00. Thereafter the cause proceeded to trial against Ingram, individually and against Joyce Equipment Company.

Ingram, individually, and Joyce Equipment Company were each non-suited and were each dismissed from the action. The interlocutory default judgment was made final by the final judgment that was signed on September 17, 1975.

A motion for new trial was filed by "William R. Ingram d/b/a Hutcheson-Ingram Development Company." It was there alleged:

"On September 8, 1975, the Court granted an interlocutory default judgment to the Plaintiff against WILLIAM R. INGRAM and S. L. HUTCHESON d/b/a HUTCHESON–INGRAM DEVELOPMENT COMPANY . . ."

\* \* \* \* \* \*

". . . Defendant, S. L. HUTCHESON was never served with citation in this suit. Therefore, no default judgment should have been granted against WILLIAM R. INGRAM and S. L. HUTCHESON d/b/a HUTCHESON–INGRAM DEVELOPMENT COMPANY."

\* \* \* \* \* \*

**804**

". . . The Answer of WILLIAM R. INGRAM is also the Answer of HUTCHESON–INGRAM DEVELOPMENT COMPANY . . ."

The motion for new trial was overruled.

The trial court, in its "findings of fact and conclusions of law", did not designate which paragraphs were "findings" and which were "conclusions". Paragraph 1, a mixture of findings of fact and conclusions of law, reads, as follows:

"1. Hutcheson and Ingram Development Company is a partnership composed of William R. Ingram and S. L. Hutcheson, has never answered herein, and although S. L. Hutcheson was never personally served with citation herein, William R. Ingram was so served, and the partnership was then made a party in Plaintiff's Amended Petition, but Ingram failed and refused to answer except for himself."

It is undisputed that Ingram and Hutcheson were partners and that they were doing business under the firm name of "Hutcheson and Ingram Development Company". That fact was recited by Ingram in Exhibit A to his "Third Amended Original Answer", his trial pleading, which was signed:

"WILLIAM R. INGRAM
d/b/a HUTCHESON–INGRAM
DEVELOPMENT COMPANY
By: /s/ Tom Fleming
    Tom Fleming
WIECH, LEWIS & FLEMING
55 West Elizabeth Street
Brownsville, Texas 78520
(512) 542–5666
Attorneys for William R. Ingram"

The purpose of a signature requirement in the pleadings is to fix the responsibility for the allegations and to make clear for whom counsel appears. 2

McDonald, Texas Civil Practice § 5.13, p. 34. It is clear from the answer filed by Ingram that he was acting both individually, and as a partner in Hutcheson-Ingram Development Company. That answer by Ingram constituted an answer for himself, individually, and for the partnership. The evidence conclusively shows that the tractor was acquired by the partnership with partnership funds and, therefore, such is partnership property, Art. 6132b § 8(2),[1] Tex.Rev.Civ. Stat.Ann.; *Conrad v. Judson,* 465 S.W.2d 819 (Tex.Civ.App.—Dallas 1971, n. r. e.). Ingram possessed the actual and apparent authority to bind the partnership in the usual course of business. It necessarily follows that Ingram's execution of the pleadings in the partnership name binds the partnership and stands as the partnership's answer. Art. 6132b § 9(1) Tex.Civ.Stat.Ann.[2] The answer filed by appellant was broad enough, and so intended, to constitute an answer by Ingram and by the partnership. The language contained in the answer is without limitation, and there is nothing to suggest from the pleadings that it was intended as an answer for Ingram only. *Johnson v. Pioneer Mortgage Co.,* 264 S.W.2d 761 (Tex.Civ.App.—El Paso 1954, writ dism'd).

The Supreme Court of this State, in a case which still stands as the law in Texas, addressed itself to the issues of whether a partner had the right to appear and plead for the partnership, and if so, was his answer also that of the partnership. In answering yes to both questions, the Court held that an answer by one partner is also an answer for the partnership. *Bright v. Sampson,* 20 Tex. 21 (Tex.Sup.1857).

In *Owen v. Kuhn, Loeb & Co.,* 72 S.W. 432 (Tex.Civ.App.—1903, writ ref'd), the court held that an answer offered by one

1. Art. 6132b § 8(2) Texas Uniform Partnership Act.
   (2) Unless the contrary intention appears, property acquired with partnership funds is partnership property.

2. Art. 6132b § 9(1) Texas Uniform Partnership Act.
   Section 9. (1) Every partner is an agent of the partnership for the purpose of its business, and

the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter, and the person with whom he is dealing has knowledge of the fact that he has no such authority.

partner for both himself and his co-partners stood as the partnership's answer, and that there could be no judgment by default.

While neither S. L. Hutcheson nor the partnership were served with citation, and S. L. Hutcheson did not personally appear in the case, the voluntary appearance by Ingram, a partner in the firm, acting by and through an attorney for the partnership, served as the answer of the partnership. This precluded the rendition of a judgment by default against the partnership. See *State v. Cloudt,* 84 S.W. 415 (Tex.Civ.App.—1904, writ ref'd).

The trial court erred in granting a default judgment against the partnership. All of appellant's points are sustained. The judgment is reversed and the cause of action against the partnership is remanded to the trial court for trial.

REVERSED AND REMANDED.