Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-09-00771-CV

Stuart W. **THOMAS**, Thomas Mushroom and Specialty Produce, Inc.,
and Thomas Mushroom and Specialty Produce II, Inc.,
Appellants

v.

Frederick F. **HOELKE**, William F. Peters, Jr., and Roy G. Romo,
Appellees

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-07071
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:       Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Rebecca Simmons, Justice

Delivered and Filed:  June 16, 2010

AFFIRMED

This interlocutory appeal stems from the trial court's denial of a motion to transfer venue.

Appellees, attorneys Frederick Hoelke, William Peters, and Roy Romo (collectively Attorneys)

filed suit based on the failure of appellants Stuart W. Thomas, Thomas Mushroom and Specialty

Produce, Inc., and Thomas Mushroom and Specialty Produce II, Inc. (collectively Thomas) to

pay attorney's fees pursuant to a contract to provide legal services.  On appeal, Thomas asserts

the trial court erred in denying the motion to transfer venue because the Attorneys, and

specifically Peters, did not and cannot show independently from each other that venue is proper in Bexar County, Texas. We affirm the judgment of the trial court.

## FACTUAL BACKGROUND

In March of 2005, Thomas retained the services of Hoelke, a Bexar County attorney, to provide legal services to dissolve and/or terminate four non-compete agreements between Thomas and several entities that sell mushrooms in Dallas, Houston, New Orleans, and Atlanta. As payment, Thomas agreed to pay 1.75% of the gross sales of any mushroom and fresh produce distribution entities he acquired for a period of ten years. In May of 2005, the attorney retention contract was supplemented to include the services of appellees Peters and Romo, both non-residents of Bexar County. The contract contained a clause stating, "[a]ll obligations of the parties are performable in Bexar County, Texas." Thomas paid appellees' attorney fee, based on the 1.75% of gross profits, intermittently until January of 2007, at which time the payments ceased. On May 2, 2008, the Attorneys filed suit against Thomas alleging breach of contract and quantum meruit, and asserting venue was proper in Bexar County. Two months later, Thomas filed a motion to transfer venue which was denied by the trial court on November 9, 2009.

## VENUE

Venue may be proper in more than one county under the general, mandatory or permissive venue rules. *See GeoChem Tech Corp. v. Verseckes*, 962 S.W.2d 541, 544 (Tex. 1998). The plaintiff is given the first choice of the venue in which to file suit, but upon challenge by the defense, the plaintiff bears the burden to prove venue is maintainable in that county. TEX. R. CIV. P. 87(2)(a); *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding); *Rosales v. H.E. Butt Grocery Co.*, 905 S.W.2d 745, 750 (Tex. App.—San Antonio 1995, writ denied). "If the plaintiff fails to establish proper venue, the trial court must transfer

venue to the county specified in the defendant's motion to transfer, provided that the defendant has requested transfer to another county of proper venue." *Eddins v. Parker*, 63 S.W.3d 15, 18 (Tex. App.—El Paso 2001, pet. denied); TEX. CIV. PRAC. & REM. CODE ANN. § 15.063 (Vernon Supp. 2010).

Important to this case, each plaintiff must establish proper venue, independently of every other plaintiff, or risk transfer or dismissal. TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(a) (Vernon Supp. 2010) ("If a plaintiff cannot independently establish proper venue, that plaintiff's part of the suit, including all of that plaintiff's claims and causes of action, must be transferred to a county of proper venue or dismissed, as is appropriate . . . ."). The Attorneys asserted venue was proper under both Texas Civil Practice and Remedies Code Section 15.002(a)(1) (general venue) and Section 15.035(a) (contract in writing). TEX. CIV. PRAC. & REM. CODE ANN. §§ 15.002(a)(1) (Vernon 2002); 15.035(a) (Vernon Supp. 2010). Thomas moved to transfer venue claiming the venue provision of the contract was unenforceable as unconscionable and that venue was proper in Dallas County.

## A. Standard of Review

Venue rulings generally are not subject to interlocutory appeal. TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(a) (Vernon Supp. 2010); *Wilson v. Texas Parks & Wildlife Dept.*, 886 S.W.2d 259, 260–62 (Tex. 1994). However, in a multi-plaintiff suit, appellate courts have jurisdiction to determine in an interlocutory appeal whether each plaintiff has established venue independently of any other plaintiff. TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(b). Based on Thomas' claims that Peters and Romo did not independently establish venue in Bexar County, we have jurisdiction over this interlocutory appeal pursuant to section 15.003. *See Am. Home Prods. Corp. v. Clark*, 38 S.W.3d 92, 94 (Tex. 2000). Under section 15.003(c)(1), we determine

whether the trial court's order is proper "based on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard." TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(c)(1); *Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 602–03

**B. Analysis**

*1. Texas Civil Practice and Remedies Code Section 15.003*

Thomas asserts that Peters, who resides in Tarrant County, did not independently establish venue under any theory because Peters never responded to Thomas' motion or amended motion to transfer venue. Thomas bases his argument on the format of the pleadings filed by the Attorneys, and the fact Peters never personally signed any of the pleadings. In response, the Attorneys point out that all of their pleadings were presented on behalf of all appellees/plaintiffs and that a single attorney was signing on behalf of all as provided by Texas Rule of Civil Procedure 57. *See* TEX. R. CIV. P. 57 ("Every pleading of a party represented by an attorney shall be signed by at least one attorney of record . . . A party not represented by an attorney shall sign his pleadings . . .").

The format of the venue pleadings becomes important to the resolution of this case. Plaintiffs' original and amended petitions were filed on behalf of, and seek relief for all three attorneys. Likewise, the responsive pleadings to the original and amended motion to transfer venue contain all three attorneys' names and contact information as shown below:

Respectfully submitted,

ROY G. ROMO
State Bar No. 17225850
815 Walker, Suite 250
Houston, Texas 77002
Telephone: 713-580-6555
Facsimile: 713-580-6556

FREDERICK F. HOELKE
State Bar No. 09775600
26545 I H 10 West, Suite 100
Boerne, Texas 78006
Telephone: 210-444-0999
Facsimile: 210-444-0996

WILLIAM F. PETERS, JR.
State Bar No. 5825500
WALTERS BALIDO & CRAIN
900 Jackson Street, Suite 600
Dallas, Texas 75202
Telephone: 214-347-8362
Facsimile: 214-347-8363

Rule 57 does not require the signature on a pleading of each attorney representing a party. *Id.*; *see also Anderson Producing Inc. v. Koch Oil Co.*, 929 S.W.2d 416, 419 (Tex. 1996) (holding Rule 57 merely requires that pleadings "be signed by at least one attorney of record." (citing TEX. R. CIV. P. 57)). In *Brown v. Mulanax*, 808 S.W.2d 718, 720 (Tex. App.—Tyler 1991, no writ) (citing *Ingram v. Card Co.*, 540 S.W.2d 803, 804 (Tex. Civ. App.—Corpus Christi 1976, no writ)), the court explained "[the] purpose of a signature requirement in the pleadings is to fix the responsibility for the allegations and to make clear for whom counsel appears." Accordingly, because the pleadings in the case were formatted and filed on behalf of Peters, Hoelke and Romo and signed by counsel, we conclude that the Attorneys' pleadings were filed on behalf of all three appellees. Therefore, we hold that Peters responded to the original and amended motions to transfer venue.

### 2. *Texas Civil Practice and Remedies Code Section 15.035(a)*

Thomas also complains that all three Attorneys did not independently establish venue as proper in Bexar County because neither Romo nor Peters has any connection with Bexar County, and the attorney retention agreement is unconscionable and unenforceable.[1] The Attorneys plead that venue was proper in Bexar County under Texas Civil Practice and Remedies Code Section 15.035(a) because the attorney retention agreement provided that the obligations under the agreement would be performed in Bexar County. TEX. CIV. PRAC. & REM. CODE ANN. § 15.035(a). Section 15.035(a) provides that if a person has contracted in writing to perform an obligation in a particularly named county, suit on the contract may be brought in the named county. *Id.* In this case, the Attorneys plead and submitted proof that the attorney retention agreement and supplement were signed by Thomas, after consulting with other counsel, and provided that performance would occur in Bexar County.

To meet their burden, the Attorneys had to make prima facie proof of their pleaded venue facts denied by Thomas. TEX. R. CIV. P. 87(2)(a); *In re Masonite Corp.*, 997 S.W.2d at 197. Prima facie proof is made when the venue facts are properly pleaded and an affidavit is filed, along with any duly proved attachments to the affidavit, fully and specifically setting forth the facts supporting such pleading. TEX. R. CIV. P. 87(3)(a). Importantly, the plaintiff's "[p]rima facie proof is not subject to rebuttal, cross-examination, impeachment, or . . . disproof." *Ruiz v.*

---

[1] This allegation supports Thomas' argument that venue as to all of the plaintiffs is improper in Bexar County under the contract. This argument, applicable to all three plaintiffs is not the appropriate subject of an interlocutory appeal. TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(c).

*Conoco, Inc.*, 868 S.W.2d 752, 757 (Tex. 1993). Based on a review of the record, including the contract at issue, we hold there is probative evidence to support the trial court's determination.[2]

### CONCLUSION

For purposes of venue, Thomas cannot challenge the existence of the contract. *See* TEX. R. CIV. P. 87(2)(b). Because the March 2005 contract for legal services specifically placed venue in Bexar County, and was supplemented in May of 2005 to include Peters and Romo, appellees made a prima facie showing of venue. TEX. CIV. PRAC. & REM. CODE ANN. §§ 15.003(a); 15.035(a) (Vernon 2002). Accordingly, the trial court did not err in denying the request to transfer venue. We, therefore, affirm the order of the trial court.

Rebecca Simmons, Justice

---

[2] Because we determine that the Attorneys made a prima facie showing that venue was proper under Civil Practice and Remedies Code section 15.035, we do not address Thomas' arguments regarding venue under section 15.002. *See* TEX. R. APP. P. 47.1 (requiring concise opinions addressing only those issues "necessary to final disposition of the appeal").