LEDFORD'S PERFORMANCE
CENTER, Appellant,

v.

David RHODEN, Appellee.

No. 6006.

Court of Civil Appeals of Texas,
Waco.

Jan. 31, 1979.

Rehearing Denied Feb. 22, 1979.

Frank B. McGregor, Hillsboro, for appellant.

Jim Meyer, Dunnam, Dunnam & Dunnam, Waco, for appellee.

HALL, Justice.

■ Appellee David Rhoden filed this suit against appellant Ledford's Performance Center seeking treble damages and attorneys' fees under the Deceptive Trade Practices Act (V.T.C.A., Bus. & C. § 17.41 et seq.) upon pleadings of false, misleading, and deceptive representations and warranties allegedly made by appellant in the course of its repair of appellee's Chevrolet Corvette automobile. Trial to a jury resulted in a judgment on the verdict in favor of appellee for $2,575.83. We affirm the judgment.

■ Appellant seeks reversal under three points of error asserting (1) that certain special issues in the court's charge did not submit ultimate fact questions to the jury, and (2) that the court erred in failing to give certain instructions to the jury. Those complaints must be overruled because appellant has brought forward only a partial statement of facts. A complaint that the court erroneously gave or refused to give an instruction, or that it erroneously submitted or failed to submit a special issue, ordinarily cannot be reviewed without a complete statement of facts. *Schrader v. Garcia*, 516 S.W.2d 690, 691 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.); *Duffey v. Hanes*, 474 S.W.2d 621, 623 (Tex. Civ.App.—Dallas 1971, writ ref'd n. r. e.); 4 Tex.Jur.2d (Rev.1974), Part 1, p. 235, Appeal and Error, Civil Cases, § 393. There are no exceptions to the application of that rule in our case.

Additionally, appellant did not object to the failure of the court to give the instructions about which complaints are now made, nor did it tender the instructions for inclusion in the charge. Accordingly, those complaints are waived. Rule 279, Vernon's Tex.Rules Civ.Proc.; *State v. Harrington*, 407 S.W.2d 467, 479 (Tex.Sup.1966).

The judgment is affirmed.