Wayne MEUTH, Individually, and Meuth
Enterprises, Inc., Appellants,

v.

Nelson Lee HARTGROVE, Appellee.

No. 3–89–120–CV.

Court of Appeals of Texas,
Austin.

June 6, 1990.

Rehearing Overruled Aug. 1, 1990.

Roy S. Dale, Katie Pearson Klein, Dale & Klein, Pharr, for appellants.

Bert W. Pluymen, Pluymen, Jenkins & Chester, P.C., Austin, for appellee.

Before SHANNON, C.J., and GAMMAGE and JONES, JJ.

SHANNON, Chief Justice.

Appellee Nelson Lee Hartgrove filed a negligence suit against appellant Wayne Meuth individually and doing business as Production Enterprises. Later, Hartgrove amended his petition to join appellant Meuth Enterprises, Inc. In his amended pleading, Hartgrove asserted that the corporation was the alter ego of Meuth. After a jury trial, the district court of Travis County rendered judgment that Hartgrove recover $339,968.50 from appellants. This Court will affirm the judgment.

Hartgrove pleaded that in 1986, appellants were working under subcontract at the Lamar Savings Building construction site in Austin. On June 9, 1986, appellants' employee attempted to load a large metal stud into a truck by throwing it from the third floor of the building. The stud bounced off the truck and struck Hartgrove on his right leg, inflicting serious injuries.

The jury determined, among other things, that Wayne Meuth was doing business as Production Enterprises; that Meuth Enterprises, Inc. was the alter ego of Wayne Meuth; and that Production Enterprises' negligence proximately caused Hartgrove's injuries.

Appellants filed with this Court only a partial statement of facts; they did not, however, include in their request for preparation of the statement of facts, a statement of the points to be relied upon. Accordingly, appellants are not entitled to the presumption that material omitted from the statement of facts is not relevant to the disposition of the appeal. Tex.R.App. P.Ann. 53(d) (Pamp.1990). To the contrary, under the present circumstances, this Court presumes that the omitted material supports the judgment. *Englander Co. v. Kennedy,* 428 S.W.2d 806 (Tex.1968).

By their first point of error, appellants claim that the district court erred in overruling their attorney's motion to withdraw as counsel. About two weeks before trial Roy S. Dale, counsel for the individual appellant and the corporate appellant, filed a combined motion to withdraw and fifth motion for continuance. In his motion, Dale requested permission from the district court to withdraw because Dale "believes that a conflict of interest has arisen between [the individual appellant and the corporate appellant]." In their brief filed in this Court, appellants characterized the issue raised by Dale's motion and to be determined by the district court as one concerning "conflicting facts and interest between the individual defendant, and the corporate defendant." In an effort to determine the issue, the district court conducted at least two evidentiary hearings.

Appellants did not file with this Court the volume of the statement of facts containing the evidence heard by the district court concerning the motion. The burden is on appellants to see that a sufficient record is presented to this Court to show error requiring reversal. Tex.R.App. P.Ann. 50(d) (Pamp.1990). In the absence of a record of the evidentiary hearings, this Court presumes that the omitted proof supports the order denying appellants' motion. *Englander Co.,* 428 S.W.2d at 806. Moreover, appellants, by formally consenting to Dale's continued representation of each, waived any claimed error by the court in overruling Dale's motion. The first point of error is overruled.

Appellants by their tenth point of error challenge the failure of the district court to submit a proffered question and instruction on the issue of negligence per se. Appellants contend that the general contractor violated provisions of the Occupational Safety and Health Act (OSHA) which require the construction of a chute to dispose of debris that is to be removed from a height of more than twenty feet. 29 C.F.R. §§ 1926.252 and 1926.852 (1989). The burden of installing a chute falls on the contractor.

Because appellants failed to file a complete statement of facts, this Court is unable to determine whether the district court's refusal to submit the question and instruction was error. *Nicholes v. Texas Employers Ins. Ass'n*, 692 S.W.2d 57, 58 (Tex.1985); *Ledford's Performance Center v. Rhoden*, 576 S.W.2d 919 (Tex.Civ.App. 1979, writ ref'd n.r.e.). The point of error is overruled.

By points of error eleven and twelve, appellants urge that the jury's answers to questions one and two are against the great weight and preponderance of the evidence. This Court cannot review this complaint in the absence of the entire record. *Englander Co.*, 428 S.W.2d at 806. The points are overruled.

■ Pursuant to Tex. Gov't Code Ann. § 74.053 (Supp.1990) appellants "objected" to the assignment of Judge Scott McCown to hear the cause. Judge McCown overruled the motion. The court's denial of the motion forms the basis for appellants' second point of error.

Section 74.053 provides, in part, that when a judge is assigned by the presiding judge of the administrative region to hear a civil cause, a party may timely object to the assignment and prevent that judge from hearing the cause.

Appellants' point two is overruled. Judge McCown is the duly elected judge for the 345th District Court of Travis County, Texas. He was *not* sitting in the instant cause by assignment of the presiding judge of the Third Administrative Judicial Region. Instead, Judge McCown was assigned to hear the cause by the Travis County administrative judge. Tex. Gov't Code Ann. § 74.094 (1988); Travis County Local Rule 1.1. Accordingly, appellants' "objection," pursuant to § 74.053, was groundless and was properly overruled.

■ By point of error three, appellants raise two contentions. Appellants claim that the district court improperly overruled their motion in limine, by which they sought to exclude all references to insurance coverage. Appellants also claim that the court erroneously denied their motion for mistrial made at the close of appellee's voir dire after appellee mentioned insurance during voir dire.

The district court did not commit reversible error in overruling appellants' motion in limine.

If a motion in limine is overruled, a judgment will not be reversed unless the questions or evidence were in fact asked or offered. If they were in fact asked or offered, an objection made at that time is necessary to preserve the right to complain on appeal that such questions asked or such evidence tendered were so prejudicial that the mere asking or tendering should require a reversal. In neither case—(1) questions not asked or evidence not offered, or (2) questions asked or evidence offered—should the error of the trial court in overruling the motion in limine be regarded as harmful or reversible error.

*Hartford Accident and Indemnity Co. v. McCardell*, 369 S.W.2d 331, 335 (Tex.1963).

■ In defense of the court's denial of appellants' motion for mistrial, appellee argues that although evidence of liability insurance is generally not admissible, it is admissible for the limited purpose of proving the disputed issue of ownership or control. Tex.R.Civ.Evid.Ann. 411 (Pamp.1990). Appellee points out that Meuth denied ownership of Production Enterprises, the subcontractor at the jobsite. Accordingly, appellee urges that the insurance certificates were admissible to prove ownership because they were issued to "Wayne Meuth d/b/a Production Enterprises."

It is unnecessary to pursue the matter further because appellants waived any claimed error. About mid-way in his voir dire examination, appellee's counsel informed the panel that Wayne Meuth filed the certificates of insurance as Wayne Meuth doing business as Production Enterprises. Appellants' counsel did not object nor did he move for an instruction to disregard. After the close of appellee's voir dire examination and after a recess, appellants' counsel moved for mistrial. One must move for mistrial as soon as the ground for it becomes apparent. By delay-

ing to move for mistrial until after completion of appellee's voir dire and through a recess, appellants waived any claimed error. *Biard Oil Co. v. St. Louis Southwestern Railway Co.*, 522 S.W.2d 588 (Tex.Civ. App.1978, no writ).

■ Points of error four and eight concern whether the district court should have permitted appellants to complete allegedly incomplete written or tape-recorded evidence. Tex.R.Civ.Evid.Ann. 106 (Pamp. 1990). Under Rule 106, additional material from a document or recording, part of which has been admitted into evidence, is admissible if that material "ought in fairness to be considered contemporaneously."

In point of error four, appellants complain that because the insurance certificate was admitted into evidence, the policy limits should not have been obliterated. The insurance certificate was not admitted for the purpose of proving liability coverage, but instead for the limited purpose of demonstrating ownership or control of Production Enterprises. In our view, obliterating the policy limits was an effective method of abrogating the general rule of exclusion only to the extent required to suit the exception. The policy limit is not relevant as to whether Meuth owned Production Enterprises; it does not explain any portion of the document as to ownership and control, and it is prejudicial as to the issue of damages. Accordingly, the policy limit was not relevant. Tex.R.Civ.Evid.Ann. 411. Moreover, the fairness considerations of Rule 106 do not come into play. Since the district court did not err in excluding the policy limit, point of error four is overruled.

■ Appellants assert in point of error eight that the court erroneously admitted a tape-recorded conversation between Meuth and appellee's counsel because the conversation was not "complete." Before Meuth retained counsel, he willingly spoke with appellee's attorney over the telephone and agreed to a tape recording of a portion of that conversation. Although the recording did not include the entire telephone conversation, the entire contents of the tape were played before the jury.

Rule 106 only requires the admission of "any other part or any other writing or recording that ought in fairness to be considered contemporaneously." It does not, as appellants insist, require that the writing or recording be excluded if it evidences only part of an occurrence. The rule provides for entering the complete document or recording into evidence at that same time a portion is admitted. Because the entire recording was presented, there was no error. Point of error eight is overruled.

■ In points of error five, six, seven, and nine, appellants complain that the district court erred in admitting more than three hundred documents en masse. They claim that these exhibits emphasize liability coverage, suggest financial wealth of appellants, and are too remote in time.

Appellee tendered more than three hundred exhibits for admission into evidence at one time. Appellee provided appellants with access to the exhibits on the morning he tendered them in evidence. Appellants raised general objections when appellee tendered the documents. The district court determined that at that time it would only hear predicate objections. The court plainly indicated that relevancy objections could be made at a later time. Appellants agreed that, under the circumstances, such was a "workable approach." Appellants then failed at a later point to object to the relevancy of any of the exhibits. All of the exhibits were sent to the jury room.

Appellants' failure to object to relevancy during the balance of the trial resulted in waiver of any claimed error. Tex.R.App. P.Ann. 52(a) (Pamp.1990). The points of error are overruled.

The judgment is affirmed.

GAMMAGE, J., not participating.