Matyastik v. State 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00163-CV


NO. 03-94-00164-CV


NO. 03-94-00165-CV


NO. 03-94-00166-CV


NO. 03-94-00167-CV


NO. 03-94-00168-CV


NO. 03-94-00174-CV


NO. 03-94-00175-CV
 






Bob Matyastik, Appellant



v.



State of Texas, Appellee







FROM THE COUNTY COURT OF MILAM COUNTY


NOS. 7405, 7406, 7419, 7428, 7420, 7423, 7429 & 7430


HONORABLE CHARLES E. LANCE, JUDGE PRESIDING







PER CURIAM


 Appellant Bob Matyasatik appeals eight trial-court judgments awarding appellee
State of Texas recovery on forfeited bail bonds on which Matyastik was the surety. (1) Having
granted Matyastik's amended motion to consolidate the causes for consideration on appeal, we will
consider the eight causes jointly. We will affirm the trial court's judgments.

 In point of error one, Matyastik argues that the trial court erred by ignoring the
statutory requirements for appointing a judge to hear his causes. Tex. Gov't Code Ann.
§§ 26.022, 74.053 (West 1988 & Supp. 1995). The Honorable Charles Lance presided over the
causes in the place of the Honorable Roger Hashem, judge of the constitutional county court of
Milam County.

 The transcripts contain two documents assigning Judge Lance to the county court
of Milam County. The first document, titled "Sua Sponte Motion and Order," is signed by Judge
Hashem and appoints Judge Lance as County Judge Pro Tempore under section 26.022 of the
Government Code. This document was filed on October 19, 1993, and informs the parties that
they are entitled to a hearing on the appointment.

 The second document is an order of assignment by the Presiding Judge of the Third
Administrative Judicial Region, the Honorable B.B. Schraub. (2) Judge Schraub's order assigns
Judge Lance to the county court of Milam County to hear the eight causes now on appeal,
beginning on October 19, 1993, and continuing until the causes are completed. This assignment
was made under section 74.056 of the Government Code.

 We first address which of the two orders controls these causes. (3) By its terms, the
assignment made under chapter seventy-four took effect on October 19. The motion and order
appointing Judge Lance under chapter twenty-six, although filed on October 19, contemplated a
future hearing on the matter. Chapter twenty-six, moreover, mandated further proceedings to
complete the appointment: the provisions of that chapter require counsel of record to agree, if
they can, on the appointee; and the county judge must consider the recommendations of attorneys
of the court in making the appointment. Tex. Gov't Code Ann. §§ 26.022(c), .028 (West 1988). 
Judge Hashem's unilateral motion and order were not effective until counsel were given a chance
to participate. See Saylors v. State, 836 S.W.2d 769, 772-73 (Tex. App.--Waco 1992, pet. ref'd). 
An assignment under chapter 74, by contrast, is effective immediately, subject to a party's option
to object. The order under chapter seventy-four, which became effective before the order under
chapter twenty-six, is the order that governs these causes.

 We next consider whether the assignment under chapter seventy-four was valid. 
If a party to a civil case timely objects to the assignment, the judge cannot hear the case. Tex.
Gov't Code Ann. § 74.053(b) (West Supp. 1995). The objection is timely if filed before the first
hearing, including pretrial hearings, or trial over which the assigned judge is to preside. Tex.
Gov't Code Ann. § 74.053(c) (West Supp. 1995). Matyastik objected in writing to "the motion
and order appointing Judge Lance as County Judge, Pro Tempore, of Milam County." Matyastik
specified that he was objecting under section 26.022 of the Government Code. 

 Because Matyastik objected only on the basis of chapter twenty-six, his objection
was ineffective as to the order assigning Judge Lance under chapter seventy-four. See Cabrera
v. Cedarapids Inc., 834 S.W.2d 615, 617-18 (Tex. App.--Houston [14th Dist.] 1992, writ denied);
Meuth v. Hartgrove, 811 S.W.2d 626, 628 (Tex. App.--Austin 1990, no writ) (objection based on
chapter seventy-four was ineffective against assignment made by county administrative judge).

 Matyastik also moved to recuse Judge Lance by a motion filed at 4:50 p.m. on
November 29. On the same day, however, Judge Lance heard the State's motion to consolidate
the causes for trial and signed an order of consolidation. The provisions for objecting to an
assignment under chapter seventy-four are mandatory. Logic Sciences, Inc. v. Smith, 798 S.W.2d
394, 395 (Tex. App.--Houston [1st Dist.] 1990, no writ). A pretrial hearing, before which time
an objection must be lodged, is broadly construed. E.g., Money v. Jones, 766 S.W.2d 307, 308
(Tex.App.--Dallas 1989, writ denied) (hearing on motion to continue was a pretrial hearing). 
Matyastik has not shown that he complied with section 74.053(c) by filing his objection before
Judge Lance conducted the first pretrial hearing. We determine that the assignment of Judge
Lance was valid under chapter seventy-four of the Government Code, and we accordingly
overrule point one.

 Based on this ruling, we also overrule point of error two, in which Matyastik
asserts that the trial court erred in presiding over the causes when he was disqualified.

 In his third point of error, Matyastik argues that the trial court erred in
consolidating the causes. The trial court ordered that the eight causes be tried together and
consolidated for trial only, that separate verdicts be given and separate judgments rendered in each
action, and that the causes remain as separate actions on the court's docket for all purposes other
than trial.

 The trial court has broad discretion to consolidate causes pursuant to Texas Rule
of Civil Procedure 174. Cherokee Water Co. v. Forderhause, 641 S.W.2d 522, 525 (Tex. 1982);
Allison v. Arkansas La. Gas Co., 624 S.W.2d 566, 568 (Tex. 1981). The trial court's ruling on
consolidation will not be reversed absent an abuse of discretion that prejudices the opposing party. 
Lone Star Ford, Inc. v. McCormick, 838 S.W.2d 734, 738 (Tex. App.--Houston [1st Dist.] 1992,
writ denied). Prejudice to a party cannot be presumed, but must be demonstrated. The
complaining party must show that he exercised reasonable diligence to avoid or prevent the harm
by opposing the order for consolidation. Id.

 No statements of facts have been filed in these appeals. In the absence of a
statement of facts, Matyastik cannot establish that the trial court abused its discretion to his
prejudice. Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992). This Court will presume that
the evidence was adequate to support the trial court's decision. Simon v. York Crane & Rigging
Co., 739 S.W.2d 793, 794-95 (Tex. 1987). We overrule point three.

 In point of error four, Matyastik contends that the trial court erred in granting the
State's motion in limine. Reversible error occurs not in the grant of a motion in limine, but in
the subsequent exclusion of relevant evidence. Johnson v. Garza, 884 S.W.2d 831, 834 (Tex.
App.--Austin 1994, writ denied); see Hartford Accident & Indem. Co. v. McCardell, 369 S.W.2d
331, 335 (Tex. 1963); Meuth, 811 S.W.2d at 628. Because Matyastik has failed to assert an error
on which reversal can be predicated, we overrule point four.

 In point of error five, Matyastik claims that the trial court erred in denying his
motion for remittitur. In point six, Matyastik argues that the trial court erred in hearing the
causes when no liability existed on the bonds. Addressing these contentions requires a statement
of facts, which Matyastik has failed to provide. Without a statement of facts, this Court presumes
that all rulings at trial were correct and that sufficient evidence was introduced to support the
judgment. Murray v. Devco, Ltd., 731 S.W.2d 555, 557 (Tex. 1987); Guthrie v. National Homes
Corp., 394 S.W.2d 494, 495 (Tex. 1965). We overrule points five and six.

 We affirm the judgments of the trial court.


Before Chief Justice Carroll, Justices Powers and B. A. Smith

Affirmed

Filed: May 24, 1995

Do Not Publish

1.   The cause numbers on appeal correspond to the trial-court cause numbers as follows: 
our cause number 3-94-163-CV is the appeal from trial-court cause number 7405, 3-94-164-CV is from 7406, 3-94-165-CV is from 7419, 3-94-166-CV is from 7428, 3-94-167-CV is from
7420, 3-94-168-CV is from 7423, 3-94-174-CV is from 7429, and 3-94-175-CV is from 7430.
2.   The transcript in cause number 3-94-175-CV, the appeal from trial-court cause number
7430, does not contain Judge Schraub's order of assignment. Judge Schraub signed only one
order, however, which included all eight cause numbers and assigned all eight causes to
Judge Lance. Because the transcripts clearly show that Judge Schraub assigned cause
number 7430 to Judge Lance, we will proceed without requesting that the record be
supplemented in cause number 3-94-175-CV.
3.   In making this determination, we do not consider as controlling Judge Lance's
signature on the judgment as "Judge Presiding, County Judge Pro Tem."