In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00006-CV

                                                ______________________________

 

 

                                    DALE BLANTON
RUSSELL AND 

                 LORETTA RUSSELL KINGSLEY,
Appellants

 

                                                                V.

 

                     TREY BECK, AS EXECUTOR OF THE ESTATE OF 

                          HAYDEN RUSSELL,
Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 217th
Judicial District Court

                                                           Angelina County, Texas

                                                        Trial Court
No. CV-36,849

 

                                                                                                  


 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

I.          Background and Procedural Posture

 

            Hayden
Russell placed on record in Angelina County twelve quitclaim deeds, purportedly
executed by his father, Dale Blanton Russell.[1]  The deeds conveyed Dale’s interest in real estate
to Hayden and Hayden’s sister, Loretta Russell Kingsley.  In this suit, Dale alleges the deeds were
forged by Hayden after Hayden learned his father was disinheriting him; the
jury found Dale signed the deeds.  The
suit was originally tried to the court, but resulted in a mistrial.  After the first suit, Hayden died, leaving a
will which left his estate (except one dollar left to his daughter, Cynthia
Keiser) to his friend Trey Beck.[2]

            Even though
the only jury question was whether Dale signed the deeds, the issue presented
on appeal is an evidentiary ruling on whether the entirety of the will of the
alleged forger, Hayden, should have been admitted into evidence. 

            Prior to
trial, the court granted the estate’s motion in limine regarding the identity
of the beneficiaries of Hayden’s will, after having determined that this
information was not relevant to the issue of whether the signatures on the
quitclaim deeds were forged.[3]  A three-day jury trial ensued in August
2010.  During the course of the trial,
Dale reurged his motion to admit Hayden’s will into evidence.  Dale offered the will to show that Hayden did
not name Kingsley as a beneficiary in rebuttal of Hayden’s testimony.[4]  As further grounds for admission, Dale argued
that the testimony of the witness (and probate attorney) Jim Farrell revealed
that his file contained notes to the effect that Hayden intended to leave half
of his estate to Kingsley and half to Cindy, except that Cindy was to receive
an extra $1,000.00.  Dale argued that as
a result, the jury was left with the impression that Hayden either left
everything to Kingsley or to Kingsley and Cindy, when in fact, Hayden’s will
essentially disinherited Cindy.[5]              

            The estate
opposed the admission of Hayden’s will on the ground that it was irrelevant and
would be like throwing “the skunk in the jury box.”  Counsel for the estate urged:

[The Will] has no relevance to any issue which
Mr. Seale has now argued . . . [the] more narrow [issue of] forgery, just the
signature is the only issue.  Certainly
our client’s Will . . . and who the beneficiaries of the estate are, bear no
rational evidentiary basis as to whether the man [Dale Russell] signed the
signatures [on the deeds] or not . . . . The 403 argument is still there.

 

            The trial court initially
ruled that Hayden’s entire will was admissible. 
After the court read the will and was confronted with the fact of
Cindy’s disinheritance, the court determined (as a compromise offered by the
estate) to admit the will into evidence only after the amount of the bequests
to Cindy and to Beck were redacted.  A
copy of Hayden’s redacted will was thereafter introduced into evidence.  Dale introduced an unredacted copy of Hayden’s
will via a bill of exception.  Although
the estate objected to the introduction of Hayden’s unredacted will, it did not
object to the introduction of Hayden’s redacted will.  

            The evidence
at trial included the testimony of handwriting experts for both Dale and the
estate.  At the conclusion of the
evidence, the jury determined that the deeds were signed by Dale.  

II.        Appellate Issues

 

            Only one question was asked of the jury:  “Do you find . . . the deeds . . . were signed
by someone other than Dale Russell?”  The
jury answer was:  “No, They were signed
by Dale Russell.”  On appeal, Dale does
not dispute the jury’s dispositive finding that the twelve deeds were executed
by him.  Rather, Dale sets out five
issues, all of which basically argue that Hayden’s will should have been
admitted in its entirety.  

            The estate
presents seven counter-issues, which argue that, for a variety of reasons,
the  trial court did not err in its
decision to admit only a redacted version of Hayden’s will or that if any error
occurred, it was harmless. 

            Because we
find (1) no violation of the rule of optional completeness in disallowing
introduction of the unredacted will; (2) the specific bequests in Hayden’s will
are not relevant to the issue of forgery; and (3) any perceived probative value
of those bequests was substantially outweighed by the danger of unfair
prejudice, the trial court did not abuse its discretion in refusing to admit
into evidence Hayden’s unredacted will. 
We affirm the judgment of the trial court.

III.       Analysis

 

            Together, Dale’s appellate
issues and the estate’s counter issues call for the ultimate determination of
whether the trial court abused its discretion in refusing to admit into
evidence Hayden’s unredacted will.  The
admission or exclusion of evidence is a matter within the sound discretion of
the trial court.  City of Brownsville
v. Alvarado, 897 S.W.2d
750, 753 (Tex. 1995); Hathcock v. Hankook,
330 S.W.3d 733, 740 (Tex. App.—Texarkana 2010, no pet.).   A
trial court abuses its discretion when it acts without regard for any guiding
rules or principles.  Downer v.
Aquamarine Operators, 701
S.W.2d 238, 241–42 (Tex. 1985); Hathcock,
330 S.W.3d at 740.  Moreover, we must
uphold the trial court’s evidentiary ruling if there is any legitimate basis
for the ruling.  Owens-Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex.
1998).

            A.        Optional
Completeness

 

            Dale initially asserts that the
unredacted will was admissible under Rules 106 and 107 of the Texas Rules of
Evidence, often jointly referred to as the rule of optional completeness.  Rule 106 provides:

When a writing or recorded statement or part
thereof is introduced by a party, an adverse party may at that time introduce
any other part or any other writing or recorded statement which ought in
fairness to be considered contemporaneously with it.  “Writing or recorded statement” includes
depositions.

 

Tex. R. Evid.
106 (emphasis added).  Rule 107 provides,
in pertinent part:

 

When part
of an act, declaration, conversation, writing or recorded statement is
given in evidence by one party, the
whole on the same subject may be inquired into by the other, and
any other act, declaration, writing or recorded statement which is necessary to
make it fully understood or to explain the same may also be given in evidence .
. . .

 

Tex. R. Evid.
107 (emphasis added).

 

            We are
unconvinced that the rule of optional completeness applies.  Here, both the redacted and unredacted will
were offered into evidence by Dale.  The
estate objected to admission of the unredacted will, but as a compromise agreed
to admission of the will in a redacted form. 
The rule of optional completeness only applies when one party introduces
part of a statement or document, and in fairness, the opposing party is
permitted to introduce as much of the balance as is necessary to explain the
first part.  Jones v. Colley, 820 S.W.2d 863, 866 (Tex. App.—Texarkana 1991,
writ denied).  It is permitted to correct
any misleading impressions left when one party introduces only a portion of the
evidence.  See Wright v. State, 28
S.W.3d 526, 536 (Tex. Crim. App. 2000). 
A plain reading of Rules 106 and 107 indicates their inapplicability
when the same party seeks to offer an inadmissible omitted portion of a
document it initially sought to introduce. 
Here, Dale’s introduction of admissible evidence (the redacted will)
does not open the door to his further introduction of otherwise inadmissible
evidence (the unredacted will).

            This rule
does not apply for yet another reason.  Under
the rule of optional completeness, additional material from a document or
recording, part of which has been admitted into evidence, is admissible if that
material “ought in fairness to be considered contemporaneously.”  Meuth
v. Hartgrove, 811 S.W.2d 626, 629 (Tex. App.—Austin 1990, writ
denied).  Dale complains that if the will
was going to be admitted into evidence, the specific bequests to Cindy and Beck
should not have been redacted.  The trial
court admitted the redacted will for the purpose of showing Kingsley was not a
beneficiary[6] (thus
clarifying earlier testimony that Hayden perhaps left his entire estate to
Kingsley).  In our view, redacting the
specific bequests was an effective method of accomplishing the limited purposes
for which the will was admitted.  In Meuth, the trial court admitted an
insurance certificate into evidence for the limited purpose of demonstrating
ownership and control of a particular company. 
The policy limits were redacted because they were not relevant to the
issue of ownership and control and were prejudicial as to the issue of damages.
 Id.
at 629.  The same reasoning applies
here.  The specific bequests to Cindy and
to Beck were not relevant to the issue of Kingsley’s omission from the will;
the rule of optional completeness does not require the inclusion of these
bequests.

            We overrule
this point of error.  

 

            B.        Relevance
of Specific Bequests 

 

            Dale claims
the unredacted will should have been admitted because evidence of its specific
bequests met the requirements of Rule 401 of the Texas Rules of Evidence.  Rule 401 defines relevant evidence as “evidence
having any tendency to make the existence of any fact that is of consequence to
the determination of the action more probable or less probable than it would be
without the evidence.”  Tex. R. Evid. 401.  Rule 402 provides that evidence which is not relevant
is inadmissible.  Tex. R. Evid. 402.

            In support
of his assertion of relevance, Dale maintains that he was not permitted to
answer the estate’s closing argument:

But there’s a tendency sometimes to get inpatient [sic]
with your children, but that doesn’t justify - - - doing to a son what this man
has done to his son.  That’s
terrible.  It’s not acceptable.  It’s not right.  And the fact is he told a lie.  He said he didn’t sign the deeds.  Science said he did.

 

Dale maintains that had the entire, unredacted will been in
evidence, this argument could have been answered by reminding the jury that
Hayden disinherited his only child.  This
case was not about Hayden’s disinheritance of his daughter; it was about forgery.   Evidence that Hayden left his only child out
of his will is not relevant in proving that he forged his father’s name on the
deeds.  The specific bequests in Hayden’s
will say nothing about the dynamics of any motivation he allegedly had to forge
the deeds executed some two years prior to the will.       

            The jury
argument did not make the unredacted will relevant to the issue of
forgery.  This argument appears to relate
to the fact that Dale sued his son, claiming Hayden forged the deeds in
question.  Counsel refers to this as
“unacceptable.”  If Dale believed this
argument to be outside the scope of the evidence presented or otherwise
erroneous, his remedy was to object, ask the court to instruct the jury to
disregard counsel’s statement, and move for a mistrial if necessary.  This he did not do.  We cannot conclude that evidence of Hayden’s
unredacted will tends to make the likelihood that Hayden forged the quitclaim
deeds more probable or less probable than it would be without this evidence.[7]

            C.        Rule
403

 

            The estate
maintains on appeal that even if Hayden’s unredacted will was relevant, it was
properly excluded under Rule 403 of the Texas Rules of Evidence.  We agree. 
Rule 403 provides that relevant evidence “may be excluded if its
probative value is substantially outweighed by the danger of unfair prejudice,
confusion of the issues, or misleading the jury, or by considerations of undue
delay, or needless presentation of cumulative evidence.”  Tex.
R. Evid. 403.  When a party
objects under Rule 403, a trial court must conduct a balancing test, weighing
the danger of prejudice against the probative value of the evidence.  Waldrep
v. Tex. Employers Ins. Ass’n, 21 S.W.3d 692, 703 (Tex. App.—Austin 2000,
pet. denied).  The redacted portions of
the will would have informed the jury that Hayden left his entire estate to his
friend Beck.  We have agreed that the
probative value of this evidence on the issue of forgery was minimal.  The trial court was within its discretion to
conclude that any perceived probative value it may have had was substantially
outweighed by the risk of unfair prejudice. 
We also note that any error in the exclusion of evidence is not
reversible unless the error “probably caused the rendition of an improper
judgment.”  State v. Cent. Expressway Sign Assocs., 302 S.W.3d 866, 870 (Tex.
2009).  Here, Dale does not present
argument or briefing that this evidentiary ruling “probably caused the
rendition of an improper judgment.”

IV.       Conclusion

 

            The trial court did not abuse
its discretion in excluding Hayden’s unredacted will from evidence.  We affirm the judgment of the trial court.

 

                        

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          May
5, 2011

Date Decided:             June
7, 2011    

 

 

 

 

 

 











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization efforts.  See Tex. Gov’t Code Ann. § 73.001 (Vernon
2005).  We are unaware of any conflict
between precedent of the Twelfth Court of Appeals and that of this Court on any
relevant issue.  See Tex.
R. App. P. 41.3. 

 





[2]The
parties were realigned prior to commencement of trial so that Kingsley was
named as a plaintiff, together with Russell. 


 





[3]Dale
sought to introduce Hayden’s will to show that Trey Beck was the sole
beneficiary of the will and that Hayden did not leave anything to his
daughter.  Dale argued to the trial court
that the estate had taken the position that it was “unbelievable, that Dale
Russell would not leave anything to his only child and that is exactly what
Hayden Russell did.”  The court indicated
that to the extent the estate “goes into statements or arguments that what kind
of person would leave their child or one of their children or all of their
children out of that will, then you can come back and balance that out with this
information.”  

 





[4]Hayden’s
transcribed testimony for the earlier trial was read to the jury without
objection.  That testimony revealed that
after Dale signed the quitclaim deeds, Hayden delivered the deeds to Kingsley
to place in her safety deposit box.  When
Hayden delivered the deeds to Kingsley, he testified that he also delivered a
will, “willing everything in my possession to her so if something happened to
me, someone else wouldn’t get, you know, a part of that property.”  

 





[5]Hayden’s
actual will left his entire estate (with the exception of a one dollar bequest
to Cindy) to his friend Trey Beck, who was also named the executor of Hayden’s
estate.   

 





[6]The
trial court stated that it was “letting him put in the will not on the basis of
his conversation with the Attorney Farrell but strictly on the basis of the
testimony of Mr. Hayden Russell about the will leaving . . . everything to
Loretta [Kingsley] . . . .”  The court
went on to say that “the fact that the daughter gets $1 is not really pertinent
. . . . but the fact that the sister’s left out, I think, is.”  

 





[7]To
the extent Dale maintains the unredacted will should have been admitted for the
purpose of establishing the proper parties (or the real parties in interest),
that concern was addressed in the admission of the redacted will; it shows the
identity of the beneficiaries, but does not show the bequests to those
beneficiaries.