Edwin BROWN and Wayne
Brown, Relators,

v.

Hon. Virgil MULANAX, Visiting Judge
of the Second District Court,
Cherokee County, Texas, Respondent.

No. 12–91–00088–CV.

Court of Appeals of Texas,
Tyler.

April 30, 1991.

---

Trey Yarbrough, Tyler, Archie McColl, III, Dallas, for appellant-relator.

Otis Carroll, Tyler, Robert Maris, Dallas, for appellee-respondent.

## ORIGINAL PROCEEDING

BILL BASS, Justice.

This original mandamus proceeding arises out of the failure of the Respondent, the Honorable Virgil Mulanax, to recuse himself pursuant to TEX.GOV'T CODE ANN. § 74.053(b)[1] as a visiting judge in cause no. 90–1–23 in the Second District Court, Cher-

---

1.ʼ All section number references are to the current edition to the TEXAS GOVERNMENT CODE ANNO-

okee County, Texas, styled *"John Ament vs. Texas National Bank of Jacksonville, N.A., Edwin Brown and Wayne Brown."* We will conditionally grant the writ of mandamus.

At 9:00 a.m. on February 19, 1991, one hour before Respondent was scheduled to conduct his first hearing in the above named action, Relator Wayne Brown filed his objection to visiting judge (hereinafter "Relator's objection") pursuant to section 74.053. Relator's objection was signed by Wayne Brown, not his attorney of record. The notations on the civil docket sheet indicate that Respondent denied Relator's objection because it was not timely filed and not signed by counsel of record. Subsequently, on April 8, 1991, Respondent entertained arguments and then overruled Relator's Motion to Reconsider Decision Overruling Objection to Visiting Judge. Relators thereafter filed this petition for writ of mandamus.

Mandamus will lie only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy at law. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). The writ will issue to compel a public official to do a ministerial act, that is, one that is "clear and definite and involves no discretion." *Benavides v. Garcia,* 687 S.W.2d 397, 398 (Tex.App.—Houston [14th Dist.] 1985) (orig. proceeding).

In the instant case, Relators filed their objection to Respondent's sitting as a visiting judge pursuant to section 74.053(b) and (c). These subsections provide:

(b) If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case. Each party to the case is only entitled to one objection under this subsection for that case.

(c) An objection under this section must be *filed* before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside. (Emphasis ours.)

TATED unless otherwise specified.

(TEX.GOV'T CODE ANN. § 74.053 (Vernon Supp.1990–1991). Relators allege that the objection was timely since it was filed one hour before the case was called by Respondent. In support of this proposition, they cite *Lewis v. Leftwich*, 775 S.W.2d 848, 850 (Tex.App.—Dallas 1989, no writ) (orig. proceeding).

In *Leftwich*, shortly after 1:00 p.m., Relator tendered to the clerk for filing an objection to the visiting judge and was consequently slightly late in reaching the court room for his 1:00 p.m. hearing. When Relator arrived, Judge Leftwich called both lawyers into his chambers to determine whether they were ready for trial. Relator informed the Judge that he had filed an objection to Judge Leftwich's assignment. The parties thereafter went on record, and after calling out the style of the case, Judge Leftwich asked to see the objection. Opposing counsel argued that the objection was not timely. Judge Leftwich agreed and overruled the objection. Thereafter, Relator sought mandamus relief. The appellate court held that the legal effect of filing a document remains the same regardless of whether the presiding judge is aware of its filing. *Davis v. Jeffries*, 764 S.W.2d 559, 560 (Tex.1989) (by per curiam opinion); *Leftwich*, 775 S.W.2d at 849. The court further held that "an objection to an assigned judge is timely, under section 74.-053(c) of the Texas Government Code, if it is made before the assigned judge, sitting on the bench and in open court, calls the case to hearing or to trial.... We hold that once a party files a timely objection to an assigned judge pursuant to section 75.-053(c) of the Texas Government Code, the judge is automatically disqualified as a matter of law." *Leftwich*, 775 S.W.2d at 850–51. We agree with the *Leftwich* decision and find that Relator's objection was timely filed.

■ Relators next argue that the objection was not invalidated by the fact that Wayne Brown, instead of his counsel of record, signed the objection. Once again, we agree. In *W.C. Turnbow Petroleum Corp. v. Fulton*, 145 Tex. 56, 194 S.W.2d 256 (1946), opposing counsel pointed out in his motion to dismiss that neither petitioner nor his attorneys had signed their amended motion for new trial. On appeal, the court of civil appeals rendered judgment sustaining the motion and dismissing the appeal for want of jurisdiction. Thereafter on writ of error, the Supreme Court reversed the court of civil appeals and stated: "[It] has often been held that the signature to a pleading is a formal requisite and that failure to comply with the requirement is not fatal to the pleading." Thereafter, in *Frank v. Corbett*, 682 S.W.2d 587 (Tex. App.—Waco 1984, no writ), the court held that although a defendant's answer should have been signed by the defendant *or* his attorney, the signing of a pleading was only a formal requisite, and the lack of it did not affect the efficacy of the answer to contest the plaintiff's suit. *Corbett*, 682 S.W.2d at 588.

Respondent cites TEX.R.CIV.P.ANN. 57 (Vernon Supp.1991) for the proposition that once a party is represented by an attorney, only the attorney can sign pleadings for that party. We have examined Rule 57 and have found no cases interpreting it to prevent a party from signing a pleading once counsel has been secured. On the contrary, case law indicates that the signing of a pleading is a formality, and "[the] purpose of a signature requirement in the pleadings is to fix the responsibility for the allegations and to make clear for whom counsel appears." *Ingram v. Card Co.*, 540 S.W.2d 803, 804 (Tex.Civ.App.—Corpus Christi 1976, no writ). Therefore, we find that Wayne Brown's signing of Relator's objection did not fatally flaw the objection.

■ Having concluded that Wayne Brown timely filed his objection and that the objection complied with the requirements of section 74.053, we find that Respondent abused his discretion when he refused to recuse himself after the objection was filed. Therefore, we conditionally grant the writ of mandamus. We are confident that Judge Mulanax will promptly vacate his order overruling Relator's objection and recuse himself from the case. A

writ of mandamus will issue only if he fails to do so.