The STATE of Texas, ex rel. John
B. HOLMES Jr., District Attorney,
Harris County, Texas, Relator,

v.

Honorable Norman LANFORD, Presiding
Judge, 185th District Court, Harris
County, Texas, and Honorable Carl
Walker, Judge, 185th District Court,
Harris County, Texas, Respondents.

No. A14–92–00785–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 10, 1992.

John B. Holmes, Jr., Calvin Hartmann, Houston, for relator.

Troy McKinney, Houston, for respondents.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## OPINION

CANNON, Justice.

This is an application for writ of mandamus brought by Relator, Harris County District Attorney, John B. Holmes Jr., on behalf of the State of Texas. Relator requests that this Court order Respondents, the Honorable Norman Lanford, Presiding Judge, and the Honorable Carl Walker, Judge, both of the 185th district court of Harris County, to vacate their orders overruling Relator's objection to Respondent Lanford sitting as an assigned judge in the 185th district court in cause no. 627,562, *The State of Texas v. Michael Wayne Penrice.* On July 7, 1992, this Court granted leave to file petition for writ of mandamus and issued an order staying the proceedings in cause no. 627,562, pending the outcome of this proceeding. We now conditionally grant the writ.

On July 3, 1992, Respondent Lanford resigned his position as the elected judge of the 339th district court of Harris County, Texas. The previous day, in anticipation of the possible future assignment of Respondent Lanford as a visiting judge to a criminal district court in Harris County, Relator filed written objections with the Honorable Tom J. Stovall, Jr., Judge of the Second Administrative Judicial Region. In those objections, Relator set forth his opposition to any assignment of Respondent Lanford to preside over the criminal district courts

of Harris County. Relator was unaware that Judge Stovall had already issued an order assigning Respondent Lanford to sit as visiting judge in the 185th district court of Harris County, beginning July 6, 1992.

On July 6, before Respondent Lanford assumed the bench in the 185th district court, Relator filed written objections in each cause appearing on the court's docket giving notice of his opposition to Respondent Lanford's assignment to preside over any cases in that court. Among the written·objections filed by Relator was a specific objection to Respondent Lanford presiding over the case of *The State of Texas v. Michael Wayne Penrice,* cause no. 627,562. Relator's objections were brought to the attention of Respondent Walker, the elected judge of the 185th district court, and a hearing was held that day. Respondent Lanford's testimony at the hearing established that he did not qualify as a "retired judge" under the Judicial Retirement System of Texas Plan One and Plan Two. TEX.GOV'T CODE ANN. Title 8, Subtitles D and E, ch. 831–840 (Vernon Pamph.1992).

Respondent Walker reserved his ruling on Relator's objections until the afternoon of July 6. At that time, Respondent Walker issued an order from the bench overruling Relator's objections and announced that Respondent Lanford would preside the next day in the case of *The State of Texas v. Michael Wayne Penrice.* Respondent Walker also denied Relator's request for a stay of the proceedings to allow Relator to seek extraordinary relief by mandamus. On the morning of July 7, prior to the commencement of any proceedings in the case of *The State of Texas v. Michael Wayne Penrice,* Relator reurged his written objections (specifically citing TEX.GOV'T CODE ANN. § 74.053(d) (Vernon Supp.1992)) directly to Respondent Lanford, who had assumed the bench. Respondent Lanford overruled those objections and the trial

commenced. At the time the stay order was issued by this Court, a jury had been selected and sworn.

 In order for mandamus to issue in a criminal law matter, the party seeking such relief must show that there is no other adequate remedy at law available and that the act sought to be compelled is purely ministerial as opposed to discretionary or judicial in nature. *State ex rel. Holmes v. Salinas,* 784 S.W.2d 421, 423 (Tex.Crim. App.1990); *Stearnes v. Clinton,* 780 S.W.2d 216, 225 (Tex.Crim.App.1989); *State ex rel. Curry v. Gray,* 726 S.W.2d 125, 127 (Tex.Crim.App.1987). Respondents assert that mandamus is not the proper remedy because the trial court exercised its discretionary authority in construing section 74.053 to be inapplicable to criminal cases.[1] In the instant case, the trial court overruled Relator's timely objection to Respondent Lanford's assignment in the case of *The State of Texas v. Michael Wayne Penrice. See* TEX.GOV'T CODE ANN. § 74.053(d) (Vernon Supp.1992). Where the trial court overrules a timely objection challenging the assignment of a judge pursuant to section 74.053, mandamus is the appropriate remedy to set aside the trial court's ruling. *Brown v. Mulanax,* 808 S.W.2d 718, 720 (Tex.App.—Tyler 1991, orig. proceeding); *Ex parte Holland,* 807 S.W.2d 827, 828 (Tex.App.—Dallas 1991, writ dism'd w.o.j.); *Ramey v. Littlejohn,* 803 S.W.2d 872, 873 (Tex.App.—Corpus Christi 1991, orig. proceeding); *Starnes v. Chapman,* 793 S.W.2d 104, 107 (Tex. App.—Dallas 1990, orig. proceeding); *Lewis v. Leftwich,* 775 S.W.2d 848, 851 (Tex. App.—Dallas 1989, orig. proceeding). These cases stand for the proposition that there is no adequate remedy at law available for a party who timely objects to an assigned judge pursuant to section 74.053 because such an objection automatically

---

1. Respondents also contend that mandamus is inappropriate because there is no record of an adverse ruling by the trial court. This contention is without merit. The record contains Respondent Lanford's oral and written order overruling Relator's July 7 objection to Respondent Lanford's assignment as presiding judge in the case of *The State of Texas v. Michael Wayne*

*Penrice.* While there is no record of the afternoon proceeding on July 6 when Respondent Walker issued his order denying Relator's objection from the bench, clearly, such an order was issued and that is sworn to by the uncontroverted affidavit of Assistant District Attorney, J. Harvey Hudson.

disqualifies the judge as a matter of law and, thus, any judgment or order entered by the disqualified judge is a nullity. *See id.* In other words, an assigned judge is without discretion to overrule a party's objections under section 74.053 and disqualification of the judge is mandatory. *See Starnes,* 793 S.W.2d at 107. Respondents point out that all of the cases cited above involved objections raised in civil cases under section 74.053(b). While that is true, we see no reason why the same reasoning would be inapplicable to an objection lodged under section 74.053(d) in a criminal case, assuming that section applies to criminal cases—the very issue we are to decide. In addition, we note that the jury in *The State of Texas v. Michael Wayne Penrice* has been selected and sworn. Therefore, notwithstanding that such proceedings would be a nullity, Relator risks being foreclosed on double jeopardy grounds from prosecuting Mr. Penrice in the future were Relator to proceed to trial with an assigned judge who should have been automatically disqualified. *See McElwee v. State,* 589 S.W.2d 455, 456 (Tex.Crim.App.1979) (jeopardy attaches when jury impaneled and sworn).

 Regular sitting district judges, retired district judges, and former district judges may be assigned by the presiding judge of the administrative region. *See* TEX.GOV'T CODE ANN. § 74.054(a) (Vernon Supp.1992). It is undisputed that Respondent Lanford is a former district judge, not a retired or regular district judge. *See* TEX.GOV'T CODE ANN. §§ 74.041, 74.054, 74.055 (Vernon Supp.1992). Section 74.053(d)

of the Government Code specifically permits a party to object to the assignment of a former judge. The question we must decide is whether that provision applies exclusively to civil cases.[2] To answer that question we must look to the entire statute, in particular section 74.053(b). *See* TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 1988). Section 74.053, entitled Objection to Assigned Judge, provides:

(a) When a judge is assigned under this chapter the presiding judge shall, if it is reasonable and practicable and if time permits, give notice of the assignment to each attorney representing a party to the case that is to be heard in whole or part by the assigned judge.

(b) *If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case. Except as provided by Subsection (d), each party to the case is only entitled to one objection under this section for that case.*

(c) An objection under this section must be filed before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside.

(d) *A former judge or justice who was not a retired judge may not sit in a case if either party objects to that judge or justice.*

TEX.GOV'T CODE ANN. § 74.053 (Vernon Supp.1992); *See* Act of June 16, 1991, 72nd Leg.R.S., ch. 785, § 2 Tex.Gen. Laws 2782. (emphasis added)

In *Boykin v. State,* 818 S.W.2d 782 (Tex. Crim.App.1991), the Court of Criminal Appeals, in espousing principles of statutory

**2.** Respondents claim that Relator is judicially estopped in the present proceeding from claiming that section 74.053 applies to criminal cases because he advanced a contrary position in a previous criminal case. To support their argument, Respondents cite *Hudson v. State,* No. 01–90–00363–CR, 1991 WL 19844 (Tex.App.—Houston [1st Dist.] 1991, no pet.) (not published). Under the doctrine of judicial estoppel, a party may be estopped by alleging or admitting under oath in his pleadings a position contrary to the assertion sought to be made. *Miles v. Plumbing Services of Houston, Inc.,* 668 S.W.2d 509, 512 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.) (citing *Long v. Knox,* 155 Tex. 581, 291 S.W.2d 292, 295 (1956)). The purpose of the

doctrine of judicial estoppel is to uphold the sanctity of the oath and to eliminate the prejudice which would result to the administration of justice if the litigant were to swear one way one time and a different way another time. 668 S.W.2d at 512. The cases applying the doctrine of judicial estoppel typically involve two civil proceedings, rather than, as here, a criminal and civil proceeding. In any event, we cannot say that judicial estoppel applies to the instant case because the unpublished opinion cited by Respondents not only dealt with a different issue (i.e., whether section 74.053(b) applies to criminal cases), but did not in any way articulate the position or arguments of the State of Texas.

construction, condemned the practice of examining legislative history as invading the lawmaking province of the Legislature and mandated that courts should look only to the literal text of a statute in determining its plain meaning. *Boykin*, 818 S.W.2d at 785. The Court recognized a narrow exception to the plain meaning rule stating, "if the plain language of a statute would lead to absurd results, or if the language is not plain, *then and only then*, is it constitutionally permissible for a court to consider executive or administrative interpretations of the statute or legislative history." *Id.* (emphasis in original). The holding of *Boykin* is consistent with the command of the Code Construction Act that "words and phrases shall be read in context and construed according to the rules of grammar and common usage." TEX.GOV'T CODE ANN. § 311.011.

■ As we examine the literal text of section 74.053, we observe that it is a part of the Court Administration Act contained in Chapter 74 of the Government Code. The Court Administration Act, as originally enacted in article 200a–1 of the Texas Revised Civil Statutes and later enacted in Chapter 74, provides for the assignment of judges and was intended to "improve the administration of the trial courts in this State by providing citizens a prompt, efficient, and just hearing and disposition of *all disputes before the various courts*," both civil and criminal. Acts 1985, 69th Leg., R.S., ch. 732, §§ 1, 2 1985 Tex.Gen. Laws 2533, 2539; TEX.GOV'T CODE ANN. §§ 74.052, 74.054 (emphasis added). Subsection (a) of section 74.053 provides that "when a judge is assigned *under this chapter*," the presiding judge must give reasonable "notice of the assignment to each attorney representing a party to the case that is to be heard in whole or part by the assigned judge." (emphasis added). Because a judge assigned *under this chapter*, Chapter 74, may be assigned to either a civil or criminal court, the logical function of such notice is to permit the parties to a civil *or* criminal case to prepare an objection to the assignment. Subsection (c) merely sets forth the time requirements for an objection in a civil or criminal case. The first sentence in subsection (b) states, "If a party to a *civil case* files a timely objection to the assignment, the judge shall not hear the case." (emphasis added). Clearly, a civil litigant has the right to object to an assigned judge. The second sentence of subsection (b) states, *"Except as provided by subsection (d)*, each party to *the case* is only entitled to one objection under this section for *that case*." (emphasis added). The second sentence plainly modifies the first sentence and, therefore, the references to *"the case"* and *"that case"* in the second sentence can sensibly only refer to the *"civil case"* mentioned in that first sentence. Thus, each party to a civil case has the right to object one time to an assigned judge and, upon that timely objection, the assigned judge is automatically disqualified. The second sentence in subsection (b), as we have stated, modifies the first sentence and expressly refers to subsection (d), which states, "A former judge or justice who was not a retired judge may not sit in *a case* if either party objects to the judge or justice." (emphasis added). Reading subsections (b) and (d) together, the one-objection limitation for a party to a civil case is only to the assignment of a regular or retired judge, however. There is no such limitation when objecting to the assignment of a former judge.

■ The question is whether *"a case"* in subsection (d) refers to "a civil or criminal case." We hold that it does. As we previously noted, section 74.053, absent specific language to the contrary, is applicable to both civil and criminal cases as part of the Court Administration Act contained in Chapter 74. While subsection (b) provides an express civil exception for objections to the assignment of regular or retired judges, the *"Except as provided by subsection (d)"* language, takes subsection (d) completely out of subsection (b). Thus, *"a case"* refers to "a civil or criminal case," in the absence of specific language in subsection (d) to the contrary. If the Legislature had intended to limit the applicability of section 74.053 exclusively to civil cases, it could have simply added the words

"in a civil case," to the beginning of subsection (d).

Respondents argue that the "except" language in subsection (d) merely provides an exception to the one-objection limitation to the assignment of regular and retired judges contained in subsection (b) and that "*a case*" in subsection (d) refers only to "a civil case." Respondents point out that none of the provisions of section 74.053 expressly refers to criminal cases and that if the Legislature had intended section 74.-053 to apply to both criminal and civil cases, it could have deleted the reference to a "*civil case*" in subsection (b) or it could have put the words, "and in criminal cases," at the beginning of subsection (d). Respondents maintain that it was not necessary to put the latter language at the beginning of subsection (d) because of the existing limitation in subsection (b). Respondents' argument, however, ignores the fact that section 74.053 applies to both civil and criminal cases as part of the Court Administration Act of Chapter 74.

Both parties have provided us with an extensive review of the legislative history surrounding the statutes authorizing judicial assignments. Unfortunately, that history provides little guidance on the issue of whether the Legislature intended subsection (d) to apply exclusively to civil cases. The legislative history does, however, reflect the Legislature's concern over opposition to the assignment of judges, particularly former judges who are not retirees and who have been defeated for reelection, as Respondent Lanford is here. That concern was not restricted to civil cases, since prior to the 1991 amendment adding subsection (d), objections to assignments were raised in criminal cases as well. *See Mayfield v. State*, 757 S.W.2d 871, 872 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd) (objections to assignment of regular judge in attempted murder case not raised before trial deemed waived); *see also Williams v. State*, 746 S.W.2d 333, 335 (Tex.App.—Fort Worth 1988, pet. ref'd) (retired judge assigned to theft case did not err in overrul-

ing defendant's motions "objecting to trial by visiting judge"). In adopting the amendment, the Legislature never considered whether subsection (d) was to apply exclusively to civil cases.[3] In the absence of such a limitation in section 74.053(d), we can only conclude that none was intended by the Legislature.

■ As we construe section 74.053, a party to a civil case can raise one "peremptory" objection per case to the assignment of a regular or retired judge under subsection (b) and, under subsection (d), can raise any number of "peremptory" objections to the assignment of a former judge. A party to a criminal case can also raise any number of "peremptory" objections to the assignment of a former judge under subsection (d), but *cannot* object to the assignment of a regular or retired judge under subsection (b). Neither a civil litigant nor a criminal litigant can object *under section 74.053* to a regular judge who is sitting on the bench with the consent of the regular presiding judge, or to a judge who is not otherwise assigned to the case in accordance with the provisions of the Chapter 74. *See Mueth v. Hartgrove*, 811 S.W.2d 626, 628 (Tex.App.—Austin 1990, writ denied); *see also R.J. Gallagher Co. v. White*, 709 S.W.2d 379, 381 (Tex. App.—Houston [14th Dist.] 1986, no writ); TEX.CONST. art. V. § 11 ("And the District Judges may exchange districts, or hold courts for each other when they deem it expedient, and shall do so when required by law"). A civil or criminal litigant can object to any presiding judge on constitutional or statutory grounds. TEX.CONST. art. V, § 11; TEX.R.CIV.P. 18; TEX.CODE CRIM.PROC.ANN. art. 30.01 (Vernon 1989).

Our conclusion is supported by the plain language of the applicable provision and is in harmony with the intent of the Court Administration Act, as enacted in Chapter 74. Were we to adopt the Respondents' construction, a civil litigant would have the same right to object as stated above, but a

---

3. We have reviewed the tapes of the public hearings on H.B. 555 before the Senate Jurisprudence Committee on May 14, 1991, and find no hint of whether 74.053(d) is to apply exclusively to civil cases.

criminal litigant would be precluded from raising any objection to *any* assigned judge. Respondents argue that it is quite conceivable that the Legislature did not want to give criminal litigants the right to object to assigned judges at all. Respondents argue that criminal defendants might be prone to filing frivolous motions for continuances, and objections by the State would effectively shut down the criminal courts since the State is necessarily a party to every prosecution.

 While Respondents raise valid concerns, the Legislature apparently placed paramount importance on giving both civil and criminal litigants the right to object to former judges who are assigned to the bench in counties where they were ousted by the voters. In enacting a statute, it is presumed that a just and reasonable result is intended. TEX.GOV'T CODE ANN. § 311.-021. Further, in construing a statute we must consider, among other things, the object sought to be obtained, the circumstances under which the statute was enacted, the legislative history, former statutory provisions, and the consequences of a particular construction. TEX.GOV'T CODE ANN. § 311.023. Having given due consideration to each of these factors, we hold that Respondent Lanford was prohibited from sitting in the case of the *State of Texas v. Michael Wayne Penrice* and that Respondents Walker and Lanford improperly overruled Relator's timely objections.

To summarize, a party to a civil case can raise one "peremptory" objection per case under section 74.053(b) to the assignment of a regular or retired judge. A civil litigant can raise any number of "peremptory" objections under section 74.053(d) to the assignment of a former judge. A civil litigant cannot object *under section 74.053* to a regular judge who is sitting on the bench with the consent of the regular presiding judge or to a judge who is not assigned in accordance with Chapter 74. A party to a civil case can, however, object to any judge on constitutional or statutory grounds. A party to a criminal case cannot object under section 74.053(b) to the assignment of a regular or retired judge. A criminal litigant cannot object *under section 74.053* to either a regular judge who is sitting on the bench with the consent of the regular presiding judge, or to a judge who is not assigned in accordance with Chapter 74. A criminal litigant can object to any judge on constitutional or statutory grounds. A party to criminal case can raise any number of "peremptory" objections under section 74.053(d) to the assignment of a former judge.

Accordingly, we lift the stay in the foregoing proceeding and conditionally grant the petition for writ of mandamus.[4] We are confident that Respondents will act in compliance with this opinion. Only if Respondents fail to do so will the writ of mandamus issue.

---

4. Respondents move this Court to award them damages pursuant to TEX.CIV.PRAC. & REM.CODE ANN. § 105.001 et seq. (Vernon 1986), because "the State through the Harris County District attorney has brought a frivolous claim." Because we grant the relief requested by Relator, we deny Respondents' motion. In addition, we decline to address Relator's constitutional argument regarding the constitutional authority of former judges to sit by assignment because that argument was not raised below or in Relator's petition. Further, Relator conceded at oral argument that we need not consider the constitutional argument if we find that subsection (d) is applicable to criminal cases. *See Turner v. State,* 754 S.W.2d 668, 675 (Tex.Crim.App.1988) ("constitutionality of a statute" not to be determined unless such determination is absolutely necessary to decide the case).