Eloise GARCIA, Appellant,

v.

EMPLOYERS INSURANCE OF WAUSAU, a Mutual Company, Appellee.

No. 01–92–00149–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 13, 1993.

Rehearing Denied June 17, 1993.

Arturo V. Ramirez, Houston, for appellant.

Scott Tessmer, Houston, for appellee.

Before DUNN, SAM BASS and WILSON, JJ.

## OPINION

DUNN, Justice.

The appellant, Eloise Garcia, is appealing the jury's findings and the judgment rendered against her in her lawsuit against the appellee, Employers Insurance of Wausau,

A Mutual Company. We reverse and remand the case for a new trial.

The appellant's points of error in her appeal that the trial court erred in overruling her objection to the assigned judge, and that the jury's findings relating to the appellant's lack of incapacity after October 30, 1989, were contrary to the great weight of the evidence and manifestly unjust.

The appellant sued Employers Insurance of Wausau, her employer's worker's compensation carrier, on April 5, 1990, for denial of worker's compensation benefits. The case was set for trial on April 15, 1991, and reset for July 15, 1991. According to the briefs, and the motion and response to the motion for new trial, at the time of the July 15, 1991, setting, the court administrator notified the parties that Judge Oliver Kitzman, a former judge, would be assigned to hear the case. At that time, the appellant's attorney orally objected to the assignment of Judge Kitzman. The appellant's brief states the objection to Judge Kitzman was filed on July 16, 1991. In the record before us, the document identified as the objection to Judge Kitzman is actually the objection to Judge Martin, a retired judge. Nevertheless, the appellee agreed at oral argument that a written objection to Judge Kitzman was filed by the appellant. On July 12, 1991, the case was put on stand-by, and on August 5, 1991, called to trial with Judge John C. Martin, a retired judge, assigned to hear the case. Prior to the case being called to trial by Judge Martin, the appellant filed a written objection to Judge Martin's assignment. The appellee filed no response to the objection. Judge Martin overruled the objection, and heard the trial on the merits.

After the jury's verdict and the judgment rendered by the court, the appellant filed a motion for new trial raising the issues raised here on appeal. The appellee responded by arguing the appellant used her one "peremptory" strike under TEX. GOV'T CODE ANN. § 74.053 (Vernon Supp.1993), to remove Judge Kitzman, and that the evidence was sufficient to support the jury's findings. The appellant's motion for new trial was overruled by Judge Martin on December 19, 1991.

■ The appellee argues that the amended statute, not limiting the number of objections to former judges, was not in effect at the time of the objection to Judge Kitzman. TEX. GOV'T CODE ANN. § 74.053. This argument is without merit. The bill amending this section of the government code establishes the effective date of the amendment as June 16, 1991. We find that section eight of the amending act, cited by the appellee, refers to the funding for the changes in the judges' remuneration. As the first objection occurred on July 16, 1991, the amended statute [1] was in effect, and the appellant had the right to unlimited objections to former judges. *See State ex rel. Holmes v. Lanford,* 837 S.W.2d 705, 710 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding), *overruled sub nom., Lanford v. Fourteenth Court of Appeals,* 847 S.W.2d 581 (Tex.Crim.App., 1993); TEX. GOV'T CODE ANN. § 74.053. She had the right to object to Judge Kitzman, as a former judge under section 2(d), and to Judge Martin, a retired judge, under section 2(b).

■ Under the language of the statute, once a party files a timely objection to the assignment of a judge under section 74.053 of the Texas Government Code, the disqualification of the judge is mandatory. *Lanford,* 837 S.W.2d at 707–708; *Starnes v. Chapman,* 793 S.W.2d 104, 107 (Tex. App.—Dallas 1990, orig. proceeding); TEX. GOV'T CODE ANN. § 74.053. This statute has been held to apply to active judges sitting elsewhere in the district, as well as

---

**1.** The statute reads as follows:

(a) When a judge is assigned under this chapter the presiding judge shall, if it is reasonable and practicable and if time permits, give notice of the assignment to each attorney representing a party to the case that is to be heard in whole or part by the assigned judge.

(b) If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case. Except as provided by Subsection (d), each party to the case is only entitled to one objection under this section for that case.

(c) An objection under this section must be filed before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside.

(d) A former judge or justice who was not a retired judge may not sit in a case if either party objects to the judge or justice.

retired and former judges. *Ramey v. Littlejohn*, 803 S.W.2d 872, 873 (Tex.App.—Corpus Christi 1991, orig. proceeding). Looking at the amended statute [2] in the context of criminal actions, the Fourteenth Court of Appeals construed the statute to permit, in civil cases, one objection to a regular or retired judge and unlimited peremptory objections to former judges. *Holmes*, 837 S.W.2d at 710. We agree with the *Lanford* court and construe the statute to mean that there is a one-objection limitation only to the assignment of a regular or retired judge and that there is no such limitation when objecting to the assignment of former judges.

An objection under section 74.053 is timely if it is made at any time before the assigned judge, sitting on the bench and in open court, calls the case to hearing or to trial. *Kellogg v. Martin*, 810 S.W.2d 302, 304 (Tex.App.—Texarkana 1991, orig. proceeding); *Brown v. Mulanax*, 808 S.W.2d 718, 720 (Tex.App.—Tyler 1991, orig. proceeding); *Lewis v. Leftwich*, 775 S.W.2d 848, 849 (Tex.App.—Dallas 1989, orig. proceeding).

 Since the appellant's objection to Judge Martin was timely filed, all orders entered by Judge Martin after that time were void and of no effect. Tex. Gov't Code Ann. § 74.053(b); *Ramey*, 803 S.W.2d at 873.

We reverse and remand this cause of action for a new trial.

Because of our holding on the appellant's first point of error, we do not need to address the remaining two points of error raising the issue of sufficiency of the evidence to support the jury's findings.

**2.** The statute was amended by the 72nd Legislature, effective June 16, 1991, to add section 2(d) and amend section 2(b) to reflect the addition of section 2(d). There were also changes to the compensation a visiting judge received, and section 8 provides for the Act to take effect on or before September 1, 1993 and also states that "no state general revenue may be appropriated for costs related to the implementation of this Act during the fiscal biennium beginning on September 1, 1991, unless expressly authorized by the General Appropriations Act."