**Alvin MERCER, Sr., Betty Mae Mercer, and Alvin Mercer, Jr., Relators,**

**v.**

**The Honorable Temple DRIVER, Assigned Judge of the 328th District Court, Fort Bend County, Texas and the Honorable Thomas Stansbury, Judge of the 328th District Court, Harris County, Texas, Respondents.**

No. 01–95–00995–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 14, 1995.

---

1. In our previous order, we determined that this exception is not applicable to the State.

Before COHEN, WILSON and ANDELL, JJ.

**OPINION**

PER CURIAM.

This case involves a party's right to object to a visiting judge under Tex.Gov't Code Ann. § 74.053 (Vernon Supp.1995). Relators, Alvin Mercer, Sr., Betty Mae Mercer, and Alvin Mercer, Jr., filed a motion for leave to file a petition for writ of mandamus against Judge Temple Driver, sitting by assignment in the 328th District Court, Fort Bend County, and against Judge Thomas Stansbury, judge of the 328th District Court, Fort Bend County, and for a writ of prohibition against Judge Stansbury. We conditionally grant the petition for writ of mandamus but deny the petition for writ of prohibition.

Relator Alvin Mercer, Jr. and the real party in interest, Sonia Lee McCasland, divorced in 1993. The couple had three children. McCasland and relators Alvin Mercer Sr. and Betty Mae Mercer (the senior Mercers) were appointed joint managing conservators of the three children, and Alvin Mercer Jr. was appointed possessory conservator. The senior Mercers are the paternal grandparents of the children. After the divorce, motions to modify the child custody order were filed in cause number 76939 (the main case). In June 1995, Judge Stansbury entered an agreed order to modify the child custody order. Relators filed a motion for new trial that was denied by Judge Stansbury on August 4, 1995. Also on August 4, McCasland filed her original application for writ of habeas corpus in cause number 76939–W (the habeas proceeding).

On August 10, 1995, Alvin Mercer Jr. moved to recuse Judge Stansbury in the main case. On August 15, Judge Stansbury declined to recuse himself and referred the matter to Judge Stovall, presiding judge of the Second Administrative Judicial Region. Judge Stovall assigned the Honorable Judge Robert Webb to hear the motion to recuse. On August 18, Alvin Mercer, Jr. filed his objection to Judge Webb under Tex.Gov't Code Ann. § 74.053 (Vernon Supp.1995). Judge Webb sustained the objection and did not hear the motion to recuse.

On August 22, Judge Stovall assigned respondent Judge Temple Driver to hear the motion to recuse. On August 23, before the hearing on the motion to recuse, Alvin Mercer, Sr. filed his objection to Judge Driver under section 74.053. Later that morning, Judge Driver took the bench and called the case for hearing. When the objection under section 74.053 was brought to Judge Driver's attention, he overruled the objection and proceeded to hear the motion to recuse Judge Stansbury. Judge Driver then denied the motion to recuse.

On August 9, 1995, Alvin Mercer Jr. filed a motion to recuse Judge Stansbury in the habeas proceeding. On August 15, Judge Stansbury signed an order declining to recuse himself and referring the matter to Judge Stovall. There is nothing in the record to show that Judge Stovall assigned a judge to hear the motion to recuse in the habeas proceeding.

On August 30, relators filed a motion for leave to file a petition for writ of mandamus. Relators ask this Court to issue a writ of mandamus, ordering Judge Driver to sustain Alvin Mercer Sr.'s objection to his assignment under section 74.053 and to vacate his order denying the motion to recuse Judge Stansbury. Relators also ask this Court to issue a writ of mandamus, ordering Judge Stansbury to vacate any orders, other than the order of referral to Judge Stovall, entered in the main case and the habeas proceeding after the motion to recuse was filed. Finally, relators ask this Court to issue a writ of prohibition to prevent Judge Stansbury from entering any further orders or making any rulings in the main case and the habeas proceeding until the motions to recuse have been decided. Relators also filed a motion to stay further proceedings in the trial court pending resolution of this original proceeding. We granted the motion to stay and granted leave to file.

■ Mandamus is appropriate when a visiting judge refuses to recuse himself after a party timely files an objection under Tex. Gov't Code Ann. § 74.053. *Brown v. Mulanax,* 808 S.W.2d 718, 720 (Tex.App.—Tyler 1991, orig. proceeding). Section 74.053 provides in part:

(b) If a *party* to a civil case files a timely objection to the assignment, the judge shall not hear the case. Except as provided by Subsection (d), *each party* to the case is only entitled to one objection under this section for that case.

(c) An objection under this section must be filed before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside.

(Emphasis added.) Therefore, once a party files a timely objection to the assignment of a judge under section 74.053, the disqualification of the judge is mandatory. *Garcia v. Employers Ins. of Wausau,* 856 S.W.2d 507, 508 (Tex.App.—Houston [1st Dist.] 1993, writ denied); *see State v. Preslar,* 751 S.W.2d 477, 482 (Tex.1988). An objection under 74.053 is timely if it is made at any time before the assigned judge, sitting on the bench and in open court, calls the case to hearing or to trial. *Id.* at 509.

■ Alvin Mercer, Sr. filed his objection to Judge Driver before the hearing on the motion to recuse. While Alvin Mercer, Jr. used his one objection under section 74.053 with respect to Judge Webb, the senior Mercer had not exercised an objection under the statute. Once the senior Mercer filed his objection to Judge Driver, the disqualification of Judge Driver was mandatory. Because Judge Driver did not disqualify himself from hearing the motion to recuse after the objection was lodged, mandamus relief is appropriate.

■ Moreover, because Alvin Mercer, Sr. timely filed his objection to Judge Driver, any order entered by Judge Driver, *i.e.,* the order denying the motion to recuse Judge Stansbury, and all orders entered by Judge Stansbury after that time are void and of no effect. *Garcia,* 856 S.W.2d at 509. Mandamus relief is appropriate to vacate any orders entered by either judge after Alvin Mercer, Sr. filed his objection. Therefore, Judge Stovall must assign another judge to hear the motion to recuse Judge Stansbury.[1]

1. For the purposes of this original proceeding, we need not address the issue of whether the

Relators also ask us to issue a writ of prohibition against Judge Stansbury to prevent him from entering any orders in the main case and the habeas proceeding until the motion to recuse is heard and decided. We decline to issue a writ of prohibition because rule 18a(d) of the Texas Rules of Civil Procedure allows, in limited circumstances, a trial judge to enter orders and proceed with a case after a motion to recuse has been filed. Rule 18a(d) provides:

> If the judge declines to recuse himself, he shall forward to the presiding judge of the administrative judicial district, in either original form or certified copy, an order of referral, the motion, and all opposing and concurring statements. *Except for good cause stated in the order in which further action is taken,* the judge shall make no further orders and shall take no further action in the case after filing of the motion and prior to a hearing on the motion.

(Emphasis added.) Rule 18a(d) allows Judge Stansbury to continue acting in this case for good cause shown; therefore, we will not prohibit him from doing what the rules authorize.

We conditionally grant the petition for writ of mandamus and (1) order Judge Driver to disqualify himself from hearing the motion to recuse Judge Stansbury and to vacate his order denying the motion to recuse Judge Stansbury and (2) order Judge Stansbury to vacate any orders he signed in the main case and the habeas proceeding after the motion to recuse was filed. A writ will issue only in the event Judge Driver or Judge Stansbury does not comply with our opinion. Moreover, we lift our stay of the proceedings in the trial court and deny the petition for writ of prohibition against Judge Stansbury.

habeas proceeding is a separate and independent cause from the main cause. We note that the substance of the motions to recuse Judge Stansbury are the same in both the main case, cause number 76939, and the habeas proceeding, cause number 76939–W. Therefore, it would be appropriate to assign one judge to hear both motions.