Curt WEIDNER, Appellant,

v.

Arthur MARLIN, M.D., Appellee.

No. 04–96–00160–CV.

Court of Appeals of Texas,
San Antonio.

Dec. 18, 1996.

Gerald T. Drought, Dain A. Dreyer, Martin, Drought & Torres, Inc., San Antonio, for Appellant.

M. Kenneth Patterson, Patterson & Wagner, San Antonio, for Appellee.

Before RICKHOFF, LOPEZ and CANTU, JJ. [1].

## OPINION

RICKHOFF, Justice.

Appellee, Arthur Marlin ("Marlin"), has filed an objection to the assignment of a former justice, the Honorable Antonio G. Cantu,[2] to the panel hearing this appeal. Marlin moves for Justice Cantu's recusal pursuant to Texas Government Code Section 74.053.[3] Justice Cantu's assignment of service notification letter states the assignment is pursuant to TEX. GOV'T CODE ANN. § 75.003 (Vernon Supp.1997).[4] The issue before us, therefore, is whether the automatic objection provision contained in § 74.053 of the Texas Government Code which Marlin relies upon in his motion applies to a former justice who is assigned to hear a case in the court of appeals.[5]

---

1. Justice Cantu not participating.

2. Justice Cantu was previously defeated for re-election to the Fourth Court of Appeals. *See* TEXAS JUDICIAL COUNCIL AND OFFICE OF COURT ADMINISTRATION, TEXAS JUDICIAL SYSTEM ANNUAL REPORT FOR FISCAL YEAR 1995, at 114 n. 2 (1995).

3. Justice Cantu was assigned to this case by Chief Justice Phillips of the Supreme Court on November 5, 1996, and the parties were subsequently notified; therefore, appellee objected timely.

4. Section 75.003 provides:
(a) A former judge whose last judicial office before leaving active service was justice or judge of the supreme court, the court of criminal appeals, or a court of appeals is, with the former judge's consent to each assignment, subject to assignment by the chief justice of the supreme court:
(1) to sit on an appellate, district, or statutory county court; and

(2) to the administrative judicial region in which the former judge resides for reassignment by the presiding judge of that region to a district or statutory county court within the region.
(b) A reassignment by a presiding judge under Subsection (a)(2) is subject to the requirement of Section 74.005. The assignment of a former judge by the chief justice to the administrative region of the former judge's residence continues only during the period for which the former judge has certified a willingness to serve under Section 74.0551.
TEX. GOV'T CODE ANN. § 75.003 (Vernon Supp. 1997). Section 75.003(a)(1) is the provision under which Justice Cantu is assigned.

5. Section 74.053 provides:
(a) When a judge is assigned under this chapter the presiding judge shall, if it is reasonable and practicable and if time permits, give notice of the assignment to each attorney representing a party to the case that is to be heard in whole or in part by the assigned judge.

The language and placement of section 74.053 would seem to indicate that it does not apply to the appointment of a former justice to sit on a court of appeals. The section is contained in subchapter C of chapter 74, which is entitled, "Administrative Judicial Regions." It deals with the State's nine administrative regions, which, in turn, relate to the district and statutory county courts, not the courts of appeals. Subsection (a) of section 74.053 refers specifically to judges "assigned under this chapter." The only judges assigned under subchapter C of chapter 74 are judges assigned to trial court benches. Subchapter A of chapter 74, which relates to the administrative authority of the chief justice of the supreme court, does contain a provision for assignment to the courts of appeals, but it applies only to the assignment of active or retired appellate judges or justices, not former appellate judges or justices. *See* TEX. GOV'T CODE ANN. § 74.003(a), (b) (Vernon 1988). Also, subsection (a) of section 74.053 provides for notice of assignment from the presiding judge. "Presiding judge" means the presiding judge of the administrative judicial region. Thus, this notice provision can only apply to trial court assignments. Finally, subsection (c) requires that an objection be filed "before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside." TEX. GOV'T CODE ANN. § 74.053(c) (Vernon Supp.1997). While one could assert that oral argument is a "hearing," it appears that this subsection was intended to apply to trial court proceedings because a visiting appellate justice never "presides," but is always designated the junior panel member.

Disregarding the foregoing, an argument could be made that the automatic objection provision extends to appointments under Chapter 75 based on certain language contained in the legislative enactment language of the 1991 amendment to section 74.053. Section 74.053 was amended in 1991 to add subsection (d), the provision for unlimited

objections to former judges or justices. The Act containing this amendment also amended sections 74.003, 74.055, and 74.061 of the Government Code. It further provided: "This Act applies only to the assignment of a judge or justice under Chapter 74 or 75, Government Code, made on or after the effective date of this act." Act of May 21, 1991, 72nd Leg., ch. 785, § 9, 1991 Tex. Gen. Laws 2782, 2783. The issue that arises is whether this language demonstrates a legislative intent that the statutory objection in section 74.053 should apply to assignments of former justices to courts of appeals under chapter 75. The usual import of the quoted language is to clarify that the amendments do not have retroactive effect. It can be theorized that the reference to chapter 75 in the context of the amendment to chapter 74 is restricted to those instances in which chapter 75 acts in concert with chapter 74, not when chapter 75 acts alone.

Subchapter A of chapter 75 is entitled, "Assignment of Former Judges and Retired Judges Who Elect to be Judicial Officers." Under section 75.002, a *retired* judge or justice who elects to be a judicial officer is subject to assignment:

(1) by the chief justice of the supreme court to sit on any court of the state of the same or lesser dignity as that on which the person sat before retirement;

(2) by the presiding judge of the court of criminal appeals to sit as a commissioner of that court; and

(3) if the retiree's last judicial office before retirement was judge of a district or statutory county court, by the presiding judge of an administrative judicial region to sit on a district or statutory county court in that administrative region or, on request of the presiding judge of another administrative judicial region, to that administrative region.

(b) If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case. Except as provided by Subsection (d), each party to the case is only entitled to one objection under this section for that case.

(c) An objection under this section must be filed before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside.
(d) A former judge or justice who was not a retired judge may not sit in a case if either party objects to the judge or justice.

TEX. GOV'T CODE ANN. § 75.002(a) (Vernon Supp.1997). In addition, a *retired* appellate judge or justice may be assigned by the chief justice of the supreme court to the administrative judicial region in which the retiree resides for reassignment by the presiding judge of that region to a district or statutory court in that region. This reassignment is governed by chapter 74. TEX. GOV'T CODE ANN. § 75.002(b) (Vernon Supp.1997).

All of these assignments, except assignment by the presiding judge of the court of criminal appeals, potentially involve application of chapter 74. Assignments under section 75.002(a)(1) may invoke the authority of the chief justice of the supreme court under section 74.003(b) to assign *retired* judges and justices to a court of appeals. Assignments under section 74.002(a)(3) and (b) directly involve assignment or reassignment by the presiding judge of an administrative judicial region, which invoke chapter 74.

Nevertheless, while the foregoing references to the assignment of *retired* judges and justices may shed some light on the legislature's reference to "assignment of a judge or justice under Chapter 74 or 75, Government Code" in the legislation containing the amendment to section 74.053, these references refer to those instances in which Chapter 75 acts in concert with Chapter 74, not when Chapter 75 acts alone. Assignments of judges or justices to a *trial* court and assignments of *retired* appellate judges or justices involve application of both chapters 74 and 75. The same is sometimes true of the assignment of *former* appellate judges or justices, but not in this case.

Section 75.003 governs assignment of *former* appellate judges. These judges are subject to assignment by the chief justice of the supreme court:

(1) to sit on an appellate, district, or statutory county court; and

(2) to the administrative judicial region in which the former judge resides for reassignment by the presiding judge of that region to a district or statutory county court within the region.

TEX. GOV'T CODE ANN. § 75.003(a) (Vernon Supp.1997). Reassignment by the presiding judge is governed by chapter 74. Assign-ment by the chief justice of the supreme court of a former justice to a court of appeals, however, does not involve chapter 74. These assignments are effected only under chapter 75. Because chapter 74 is not involved, referring to its amending statute to apply its automatic objection provision to an assignment wholly effectuated under Chapter 75 appears to be overreaching.

## ANALOGOUS CASE LAW

There are no cases directly on point. There are, however, cases that hold that a section 74.053 objection is not available when a trial judge is assigned other than by the presiding judge of an administrative judicial region under chapter 74. For example, in *Cabrera v. Cedarapids, Inc.*, 834 S.W.2d 615 (Tex.App.—Houston [14th Dist.] 1992), *writ denied*, 847 S.W.2d 247 (Tex.1993), the trial judge (a local district court judge) was assigned by the administrative judge of the civil district courts of Harris County. The court of appeals, in reviewing whether a section 74.053 objection to this judge was effective, stated:

> Section 74.053 applies only "when a judge is assigned under this chapter." Chapter 74 deals with the appointment of visiting judges by the presiding judge of the administrative judicial region to sit for an elected judge. This section has been interpreted by the appellate courts to be applicable only when a judge is assigned by the presiding judge of the administrative judicial region pursuant to this chapter.

*Id.* at 617. The court held that "a party has no right to object under section 74.053 to the assignment of a judge under any other chapters, rules and codes." *Id.* at 618.

While the facts of *Cabrera* are distinguishable from the instant case, the bottom line is still: Section 74.053 applies only to assignments by the presiding judge of the administrative judicial region; Justice Cantu was not assigned by the presiding judge of the administrative judicial region; appellee cannot object under section 74.053 to Justice Cantu's assignment. *See also State ex rel. Holmes v. Lanford*, 837 S.W.2d 705, 710 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding)

(a party cannot "object *under section 74.053* ... to a judge who is not otherwise assigned to the case in accordance with the provisions of the Chapter 74");[6] *Meuth v. Hartgrove*, 811 S.W.2d 626, 628 (Tex.App.—Austin 1990, writ denied) (section 74.053 objection does not apply to assignment of trial judge by county administrative judge rather than presiding judge of the administrative judicial region); *Erbs v. Bedard*, 760 S.W.2d 750, 755 (Tex.App.—Dallas 1988, orig. proceeding) ("section 74.053 is limited, on its face, to chapter 74").

### CONCLUSION

In order to give effect to the entire statutory scheme as it is written, we hold section 74.053 applies only to objections to judges sitting in the trial court by assignment of the presiding judge of the administrative judicial region. This appears to be supported by the language of the section and by its placement in the subchapter dealing with administration of district and statutory county courts. This construction gives due weight to the notation in the amending statute, particularly considering that the import of the notation was to prevent giving the amendment retroactive effect, not to define the scope of the objection here at issue. The legislature's reference to both chapters 74 and 75 is understandable as an acknowledgment that many assignments to the trial courts may be effected through the combined application of those chapters. If the legislature meant to apply the automatic exclusion under section 74.053 to the assignment of judges to appellate courts, they could easily have so provided.

Whether it is wise to allow no mechanism for objecting to a former judge assigned to an appellate bench while allowing an automatic objection to the same judge when assigned on a trial bench is not for us to determine. We are to read the statutes as they are written, not to determine whether they are wise or foolish. The legislature is aware of the obvious differences between the two assignments. Trial judges enjoy exclusive prerogatives over the courtroom and the proceedings while appellate judges are one member of a panel. Visiting judges never preside or control the proceeding and cannot act without the participation of another active member of the panel, unless the panel consists of all visiting judges ... a rare event. Thus, because the visiting appellate judge must have the agreement of one active member of the court, allowing an automatic objection of the trial court and none at the appellate court does not defy all logic.

---

6. The court of appeals in *Lanford* conditionally granted a writ of mandamus to give effect to a section 75.043 objection to a former judge in a criminal case. The Court of Criminal Appeals subsequently conditionally granted a writ of mandamus against the court of appeals to rescind its mandamus order on the ground that section 75.043 does not apply in criminal cases. *Lanford v. Fourteenth Court of Appeals,* 847 S.W.2d 581 (Tex.Crim.App.1993).