DISSENTING OPINION



No. 04-99-00767-CV



IN THE MATTER OF M.A.V.,


Appellant



From the County Court at Law, Webb County, Texas


Trial Court No. 98-CV1-00078-L1


Honorable Pat Priest, Judge Presiding



Opinion by: Karen Angelini, Justice

Dissenting opinion by: Paul W. Green, Justice


Panel: Phil Hardberger, Chief Justice

 Paul W. Green, Justice

 Karen Angelini, Justice 


Delivered and Filed: January 31, 2001

 The question is whether a party, who has known for more than six months that a
certain visiting judge has been assigned to hear his case, may defer making any objection to
the assigned judge until the time of the first hearing in the case, even if the objection causes
the case to be delayed for the assignment of a new judge. The trial judge said no. However,
the majority holds that an objection to an assigned judge may always be deferred to the time
of the first hearing in the case, even if it causes unnecessary delay. The result of this holding
is to render meaningless the requirement that parties be given notice of a visiting judge
assignment. What is worse, it invites manipulation and disruption of the judicial process to
the ends of delay. I believe the rule should be that an objection to an assigned judge must be
filed as soon as reasonably practicable after notice of the assignment is given, but no later
than the time of the first hearing in the case. Accordingly, I respectfully dissent.

 M.A.V. knew, as early as February or March of 1999, that Judge Priest had been
assigned to his case. We know this because the record indicates that at some time during late
winter or early spring of that year Judge Priest called a pre-trial conference of the parties.
The lawyers for M.A.V. and the State were present at the conference. What is more, we
know Judge Priest addressed substantive docket control issues during the conference,
including whether M.A.V. intended to raise an issue concerning M.A.V.'s competency to
stand trial. Indeed, Judge Priest ordered M.A.V.'s attorney to file any allegations of
incompetency no later than April. (1) Some time thereafter, a hearing was set on the state's
petition to certify M.A.V. to stand trial as an adult. Yet, not until the day of the certification
hearing in September, did M.A.V. raise any objection to Judge Priest's assignment to the
case.

 The majority takes the position that M.A.V.'s right to object was available to him
from the time of notice up to the point of "the first hearing or trial." See Tex. Gov't Code
Ann. § 74.053(c) (Vernon 1998). I agree up to a point. Although section 74.053 expressly
specifies the time after which an objection is too late as a matter of law, the converse is not
necessarily true. Id. The statute does not provide that any objection filed before the first
hearing or trial is timely as a matter of law:

 (b) If a party to a civil case files a timely objection to the
assignment, the judge shall not hear the case. . . .



 (c) An objection under this section must be filed before the first
hearing or trial, including pretrial hearings, over which the
assigned judge is to preside.


 To hold that it does is to read more into the statute than what is there and remove from trial
judges the discretion the legislature intended to provide.

 The majority follows a body of authority, which, on the surface, appears to hold that
an objection to an assigned judge is timely if it is filed any time before the first hearing or
trial over which the assigned judge is to preside. See, e.g., Flores v. Banner, 932 S.W.2d
500, 501-02 (Tex. 1996) (objection timely "if the party files it before the first hearing or trial
over which the assigned judge is to preside"); Mercer v. Driver, 923 S.W.2d 656, 658 (Tex.
App.-Houston [1st Dist.] 1995, orig. proceeding) (objection timely "if it is made at any time
before the assigned judge, sitting on the bench and in open court, calls the case to hearing
or to trial"); Garcia v. Employers Ins. of Wausau, 856 S.W.2d 507, 509 (Tex. App.-Houston
[1st Dist.] 1993, writ denied) (same). 

 These authorities, however, do not address the circumstance when the objecting party
has known of the visiting judge assignment for several months and has failed to act. In
Flores, for example, the objecting party was notified a former judge would be assigned to
hear her motion one hour and 18 minutes before the hearing. Flores, 932 S.W.2d at 501.
In Mercer, the objecting party had only one day's notice. Mercer, 923 S.W.2d at 657. In
Garcia, the objecting party had virtually no notice. Clearly, under the facts of these cases,
an objection filed immediately before the hearing or trial begins is timely--the objecting
party could not have reasonably acted any sooner. Garcia, 856 S.W.2d at 508. These facts
are quite different, however, from the facts of this case, where M.A.V. had known of Judge
Priest's assignment to his case for more than six months. In my view, the authorities relied
on by the majority do not support the notion, implicit in the holding, that it does not matter
how long the objecting party has known of the assigned judge so long as the objection is filed
before a formal hearing begins.

 There must be a reason the statute requires that notice be given to the parties when
a visiting judge is assigned to a case. See Tex. Gov't Code Ann. § 74.053(a) (Vernon
1998). In this context, notice is only meaningful if it is intended to put in issue whether the
parties will accept the assigned judge. See Chevron Corp. v. Redmon, 745 S.W.2d 314, 316
(Tex. 1987) (stating courts "must give effect to all words of a statute and not treat any
statutory language as surplusage if possible"). The majority's interpretation of the statute,
however, has completely dispensed with the salutary purpose and requirement of notice.
Indeed, the majority offers no advantage to giving parties notice of judicial assignments.
When an objection to an assigned judge may always be made on the day of the first hearing
or trial, what is the purpose of notice? I submit that this is not a reasonable interpretation of
the statute. Nootsie, Ltd. v. Williamson County Appraisal Dist., 925 S.W.2d 659, 662 (Tex.
1996) (stating "we must reject interpretations of a statute that defeat the purposes of the
legislation so long as another reasonable interpretation exists").


 The notice provision in the statute was intended to do more than merely give the
parties a "heads-up" on who has been assigned to hear their case. It is designed to assist in
the orderly administration of justice. See In re Houston Lighting & Power Co., 976 S.W.2d
at 673 (Tex. 1998) (stating "[t]he overriding purposes of judicial rules of procedure is to
obtain 'a just, fair, equitable and impartial adjudication . . . with as great expedition and
dispatch . . . as may be practicable"). Once a party has notice of an assigned judge, he is
obligated to act or forbear concerning the assignment. Failing to object to the assignment
within a reasonable time after notice may result in a waiver of the party's right to object if
a later attempt to assert that right would cause unnecessary delay or other harm in the case.
 M.A.V. was notified of the assignment of Judge Priest more than six months before
the certification hearing on appeal in this case and he did not complain when Judge Priest
conducted a pre-trial conference. Yet in spite of Judge Priest's lengthy, and arguably
substantive, involvement in the case, M.A.V. raised no objection until the day of the
certification hearing. The majority holds the objection was timely because it came before the
hearing. However, I agree with Judge Priest that the objection was waived through M.A.V.'s
failure to assert it within a reasonable time and because of the delay that would have
otherwise ensued. In interpreting section 74.053, we must effectuate the legislature's intent
to balance judicial efficiency with the party's limited right to object to a visiting judge:

Because of the enormous time commitment necessary to hear
litigation involving numerous parties and claims, there is a
compelling need to maintain continuity in judicial proceedings.
Imposing limits on litigants' rights to strike visiting judges
encourages and protects the substantial time and resources a
visiting judge invests developing a thorough knowledge of the
case through consideration of pretrial motions and discovery
matters. 


In re Hourani, 20 S.W.3d 819, 825 (Tex. App.-Houston [14th Dist.] 2000, no pet. h.)
(holding that although the party objected to the visiting judge before the occurrence of the
first hearing after the party was added to the lawsuit, the objection was untimely because it
was made after the first hearing conducted by the visiting judge).

 It seems very unlikely the legislature intended to permit a party, given timely notice
and a reasonable opportunity to object to a judge assignment, to wait until the last possible
moment to object to the assigned judge and thus disrupt a scheduled trial or hearing date,
wasting valuable time and judicial resources. See In re Houston Lighting & Power Co., 976
S.W.2d at 673; Nootsie, Ltd, 925 S.W.2d at 662. I would, therefore, hold that Judge Priest
did not abuse his discretion when he ruled that M.A.V.'s objection to his assignment was
untimely. We should address the remainder of M.A.V.'s complaints on appeal.


 PAUL W. GREEN

 Justice

 

PUBLISH
1. M.A.V. did not, in the end, make any claim of incompetency.