6-96-028-CV Long Trusts v. Dowd 



















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-06-00070-CV
______________________________



IN RE: JOHN JOSEPH TOOHEY, JR.





                                                                                                                                            
                 
Original Mandamus Proceeding





                                                                                                                                            
                                           


Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross



MEMORANDUM OPINION

          John Joseph Toohey, Jr., has filed a petition for writ of mandamus. He asks this
Court to hold that Leon F. Pesek, Jr., presiding judge of the 202nd Judicial District Court
of Bowie County, Texas, has abused his discretion by entering an ex parte temporary order
in the underlying child custody dispute. Before the ex parte order, Toohey had filed a
motion to recuse Judge Pesek, and Toohey alleges that, because Judge Pesek refused
to recuse himself or refer the motion to the regional administrative judge, the ex parte order
is void and must be set aside. 
          Mandamus relief is an extraordinary remedy. We will issue a writ of mandamus only
when the mandamus record establishes (1) a clear abuse of discretion or the violation of
a legally imposed duty, and (2) the absence of a clear and adequate remedy at law. Cantu
v. Longoria, 878 S.W.2d 131, 132 (Tex. 1994). 
          Rule 18a of the Rules of Civil Procedure provides that a motion to recuse a trial
judge "shall be verified and must state with particularity the grounds why the judge . . .
should not sit." Tex. R. Civ. P. 18a(a) (emphasis added). The rule further provides, in
relevant part, that:
(c) Prior to any further proceedings in the case, the judge shall either
recuse himself or request the presiding judge of the administrative judicial
district to assign a judge to hear such motion. If the judge recuses himself,
he shall enter an order of recusal and request the presiding judge of the
administrative judicial district to assign another judge to sit, and shall make
no further orders and shall take no further action in the case except for good
cause stated in the order in which such action is taken.
 
(d) If the judge declines to recuse himself, he shall forward to the
presiding judge of the administrative judicial district . . . an order of referral,
the motion, and all opposing and concurring statements. Except for good
cause stated in the order in which further action is taken, the judge shall
make no further orders and shall take no further action in the case after filing
of the motion and prior to a hearing on the motion.

Tex. R. Civ. P. 18a(c), (d) (emphasis added).

          The record before us shows that on January 20, 2004, the trial court entered a final
decree of divorce in the marriage of Toohey and Stephanie Michelle Arnold-Toohey. 
Toohey's former wife is now Stephanie Michelle Floyd. On September 22, 2005, Toohey
filed a petition to modify the parent-child relationship. Toohey's amended petition, seeking
an additional finding of contempt against Floyd, followed a few months later. On
February 28, 2006, Toohey filed an unverified motion to recuse Judge Pesek. Floyd filed
a response to the recusal motion April 7, 2006. On June 5, 2006, the trial court signed an
"Order on Emergency ex parte Motion to Suspend Possession of and Access to the Minor
Children."


 It is this June 5 order that Toohey would have this Court invalidate via
mandamus.
          In the brief supporting the petition for writ of mandamus, Toohey more specifically
asserts, 
The trial court in this case did not recuse himself, and therefore is
without authority to enter the Order on Emergency Ex Parte Motion to
Suspend Possession of and Access to the Minor Children. The order is
therefore void[,] and Toohey has no adequate remedy at law absent
intervention by this Court. His visitation is currently being denied by the
actions of Floyd, while she acts under color of law provided by a void order. 
The determination of the voidness [sic] of the order further cannot be
determined or set aside by the sitting trial court by virtue of the pending
motion to recuse.

          We deny Toohey's petition for writ of mandamus for three reasons. First, there is
nothing in the record to affirmatively show that Judge Pesek (a) refused to recuse himself,
(b) refused to refer the recusal motion to the presiding judge of the administrative judicial
district, or (c) refused to take any action whatsoever on Toohey's recusal motion. As such,
we cannot say Toohey has shown himself entitled to relief based on the record before us. 
Cf. In re Pilgrim's Pride Corp., 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig.
proceeding).
          Second, at the time it entered the June 5 order, the only recusal motion pending
before the trial court was Toohey's unverified February 28 filing. This Court has previously
held that an unverified recusal motion does not trigger Rule 18a's mandatory referral and
hearing provisions. Moorhead v. State, 972 S.W.2d 93, 94–95 (Tex. App.—Texarkana
1998, no pet.).


 Accordingly, Judge Pesek could have properly concluded he had no duty
to act on Toohey's February 28 unverified motion to recuse.
          Third, to the extent Toohey now claims the trial court was without any authority to
act once Toohey filed the recusal motion, Toohey is incorrect. See Mercer v. Driver, 923
S.W.2d 656, 659 (Tex. App.—Houston [1st Dist.] 1995, orig. proceeding). Generally, once
a valid motion to recuse has been timely filed, the judge who is the subject of the recusal
motion should enter no further orders in the case after he or she either (1) grants the
motion to recuse, or (2) refers the recusal motion to the presiding judge of the
administrative judicial district. Tex. R. Civ. P. 18a. However, Rule 18a has an exception
to this proscription, an exception which is twice stated in the rule itself. In paragraphs (c)
and (d), Rule 18a authorizes a trial judge (who is the subject of a recusal motion) to
intercede and enter further orders when "good cause" merits such intervention and
necessitates the further orders. Tex. R. Civ. P. 18a(c), (d). 
          The trial court, by action of the Honorable Jeff Addison presiding, wrote in the
June 5 order that "good cause" existed for granting the emergency relief and expressly
referred to Floyd's motion for emergency relief and the affidavit accompanying her motion
as providing the good cause. Therefore, the trial court's June 5 order satisfies the
exception in Tex. R. Civ. P. 18a(c) and (d), and we cannot say the trial court abused its
discretion. 
          For the reasons stated, we deny Toohey's petition for writ of mandamus. Toohey's
"Motion for Emergency Stay" of the underlying proceedings is likewise denied.



                                                                Donald R. Ross
                                                                Justice

Date Submitted:      June 22, 2006
Date Decided:         June 23, 2006